# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 46790-9-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| MELVIN LEE HARTFIELD, | |
| Appellant. | |

MAXA, J. – Melvin Hartfield appeals his conviction for first degree theft and the trial court's imposition of legal financial obligations (LFOs) as part of his sentence. Hartfield was charged with first degree robbery, but the trial court gave a jury instruction on the lesser included offense of first degree theft. The jury found Hartfield not guilty of first degree robbery but guilty of first degree theft.

We hold that (1) the invited error doctrine precludes our review of Hartfield's challenge to the trial court's jury instruction on first degree theft because Hartfield requested the instruction, (2) defense counsel was not ineffective for making the tactical decision to request the first degree theft instruction, and (3) the trial court erred by failing to inquire into Hartfield's ability to pay before imposing a discretionary LFO of $1,000 for court-appointed attorney fees and defense costs. Accordingly, we affirm Hartfield's conviction for first degree theft, but

remand to the trial court for a determination of Hartfield's present and future ability to pay the $1,000 discretionary LFO.

FACTS

On June 5, 2014, Hartfield entered Heritage Bank carrying a piece of paper. He presented the paper to Marlene Wheeler, who was working at a teller station. Wheeler could not read everything on the paper before Hartfield pulled it from her hands, but she saw the words "This is a robbery" and what looked like a list of instructions. Report of Proceedings (RP) at 75.

Hartfield told Wheeler that he wanted money, and Wheeler partially opened one of the cash drawers at her teller station. She gave Hartfield the small bills and mutilated currency from the drawer. Hartfield asked if there were larger bills. Although Wheeler did have larger bills and about $20,000 at her station, she told him that there were no larger bills and showed him that the drawer was empty. Hartfield then left the bank, and Wheeler called 911. Police later located Hartfield because he had left his cell phone near the scene.

The State charged Hartfield with first degree robbery. At trial, Wheeler testified that she was not afraid of Hartfield and that Hartfield never threatened her. She said that she gave him the money because she was trained to do so.

Hartfield requested a jury instruction for first degree theft as a lesser included offense to first degree robbery. The State opposed the lesser included instruction. The trial court gave the proposed first degree theft instruction to the jury.

The jury found Hartfield not guilty of first degree robbery but guilty of first degree theft. At sentencing, the trial court imposed $800 in statutorily mandated LFOs – a $500 crime victim penalty assessment, a $100 DNA fee and a $200 criminal filing fee – and a $1,000 discretionary

LFO for court-appointed attorney fees and defense costs. The judgment and sentence contained

boilerplate language that Hartfield had the present and future ability to pay LFOs, but the trial

court did not actually make an individualized inquiry into Hartfield's ability to pay. Hartfield

did not object to the imposition of LFOs.

Hartfield appeals his conviction and sentence.

ANALYSIS

A.    LESSER INCLUDED OFFENSE INSTRUCTION

Hartfield argues in a statement of additional grounds that (1) the trial court erred by

giving a lesser included offense instruction for first degree theft and (2) his defense counsel was

ineffective for proposing the lesser included offense instruction. We hold that Hartfield invited

any instructional error and that defense counsel was not ineffective in proposing the lesser

included offense instruction.

1.    Invited Error

Hartfield argues that the trial court erred in giving the lesser included offense instruction

because first degree theft is not a lesser included offense to first degree robbery. However, we

do not address this argument because Hartfield proposed the lesser included offense instruction

and the State argued against it.

The invited error doctrine prohibits a party from setting up an error at trial and then

challenging that error on appeal. *State v. Momah*, 167 Wn.2d 140, 153, 217 P.3d 321 (2009). To

determine whether the invited error doctrine applies, we consider whether the defendant

"affirmatively assented to the error, materially contributed to it, or benefited from it." *Id.* at 154.

Under this test, the invited error doctrine precludes appellate review of a defendant's claim of

instructional error when the trial court gave the instruction at the defendant's request. *State v. Studd*, 137 Wn.2d 533, 547, 973 P.2d 1049 (1999).

Because Hartfield requested that the jury be instructed on first degree theft as a lesser included offense to first degree robbery, he cannot now challenge the instruction on appeal. Accordingly, we hold that the invited error doctrine precludes review of the first degree theft instruction.

2.    Ineffective Assistance of Counsel

Hartfield argues that his counsel was ineffective for requesting the first degree theft instruction instead of allowing the trial court to instruct only on first degree robbery. We disagree.

a.    Legal Principles

We review claims of ineffective assistance of counsel de novo. *State v. Hamilton*, 179 Wn. App. 870, 879, 320 P.3d 142 (2014). The invited error doctrine does not bar review of a claim of ineffective assistance of counsel. *State v. Gentry*, 125 Wn.2d 570, 646-47, 888 P.2d 1105 (1995).

To prevail on a claim of ineffective assistance of counsel, the defendant must show that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defendant. *State v. Grier*, 171 Wn.2d 17, 32-33, 246 P.3d 1260 (2011). Representation is deficient if, after considering all the circumstances, it falls below an objective standard of reasonableness. *Id.* at 33. Prejudice exists if there is a reasonable probability that except for counsel's errors, the result of the trial would have been different. *Id.* at 34. We review the challenged conduct from counsel's perspective at the time. *Id.*

We begin our analysis with a strong presumption that counsel's performance was effective. *Id.* at 33. To rebut this presumption, the defendant must establish the absence of any " '*conceivable* legitimate tactic explaining counsel's performance.' " *Id.* (emphasis added) (quoting *State v. Reichenbach*, 153 Wn.2d 126, 130, 101 P.3d 80 (2004)). If defense counsel's conduct can be considered to be a legitimate trial strategy or tactic, counsel's performance is not deficient. *Grier*, 171 Wn.2d at 33.

b.    No Deficient Performance

Whether to request an instruction on a lesser included offense is a tactical decision. *State v. Witherspoon*, 180 Wn.2d 875, 886, 329 P.3d 888 (2014). Counsel, in consultation with the defendant, may decide to take the "all or nothing" approach and forgo a lesser included offense instruction. *Id.* However, this approach exposes the defendant to the risk that the jury will convict on the only option presented. *Id.*

In *Witherspoon*, defense counsel pursued the all or nothing approach and did not request a jury instruction on the lesser included offense of theft on the belief that the State would not meet its burden to prove that the defendant used threat or force to take property. *Id.* Although the evidence of threat or force was slim, the jury convicted the defendant of robbery. *Id.* Here, in a similar situation, Hartfield's counsel took a more conservative approach and provided the jury with an option between all and nothing. This was a legitimate trial tactic.

Hartfield asserts that if the jury had not been instructed on theft, it would have found him not guilty of robbery. But there was strong evidence that Hartfield demanded and took money from the bank. If the jury had been presented with the choice between finding Hartfield guilty of

robbery or not guilty of anything, it reasonably could have decided to convict Hartfield of robbery because he obviously was not an innocent actor.

Accordingly, we hold that defense counsel's tactical decision to request a first degree theft instruction was not deficient performance and reject Hartfield's ineffective assistance of counsel claim.

B.    IMPOSITION OF LFOS

Hartfield argues for the first time on appeal that the trial court erred by imposing LFOs without making an inquiry into his ability to pay. We exercise our discretion to consider Hartfield's challenge to the discretionary LFO but not the mandatory LFOs, and hold that the trial court erred in imposing a discretionary LFO without assessing Hartfield's ability to pay.[1]

1.    Failure to Object at Trial

We generally do not consider issues raised for the first time on appeal. However, the Supreme Court repeatedly has exercised its discretion under RAP 2.5(a) to consider unpreserved arguments that the trial court erred in imposing discretionary LFOs without considering the defendant's ability to pay. *E.g.*, *State v. Duncan*, 185 Wn.2d 430, ___ P.3d ___ (2016); *State v. Marks*, 185 Wn.2d 143, 145-46, 368 P.3d 485 (2016); *State v. Leonard*, 184 Wn.2d 505, 506-08, 358 P.3d 1167 (2015); *State v. Blazina*, 182 Wn.2d 827, 830, 344 P.3d 680 (2015). These cases

---

[1] Hartfield does not distinguish between mandatory and discretionary LFO's in his assignment of error, but references only discretionary LFOs in his statement of issues. To the extent that Hartfield is challenging the imposition of mandatory LFOs – the crime victim penalty assessment, DNA fee, and criminal filing fee – we decline to consider that argument for the first time on appeal because the trial court is not required to assess the defendant's ability to pay mandatory LFOs. *State v. Mathers*, 193 Wn. App. 913, 918 ___ P.3d ___ (2016); *State v. Lundy*, 176 Wn. App. 96, 102-03, 308 P.3d 755 (2013).

suggest that we should seriously consider exercising our discretion to address discretionary LFO challenges even when the defendant did not object in the trial court.

Here, nothing in the record indicates a possible strategic reason for Hartfield's failure to object to the imposition of the discretionary LFO. And there does not appear to be any compelling reason not to consider the issue. Therefore, we exercise our discretion under RAP 2.5(a) and consider Hartfield's challenge to the imposition of the discretionary LFO.

2.    Failure to Inquire Into Ability to Pay

Before imposing discretionary LFOs, the trial court must make an individualized inquiry into the defendant's present and future ability to pay. RCW 10.01.160(3)[2]; *Blazina*, 182 Wn.2d at 838. Including boilerplate language in the judgment and sentence stating that the defendant has an ability to pay does not satisfy this requirement. *Blazina*, 182 Wn.2d at 838. The record here indicates that the trial court failed to make any inquiry into Hartfield's ability to pay discretionary LFOs. Accordingly, we remand the case to the trial court in order to allow for an individualized inquiry into Hartfield's ability to pay before imposing the $1,000 discretionary LFO for court-appointed attorney fees and defense costs.

---

[2] RCW 10.01.160 was amended in 2015. Laws of 2015, 3d Spec. Sess., ch. 35 § 1. These amendments do not affect the issues in this case. Accordingly, we refrain from including the word "former" before this statute.

No. 46790-9-II

CONCLUSION

We affirm Hartfield's conviction for first degree theft, but remand to the trial court for determination of Hartfield's present and future ability to pay the $1,000 discretionary LFO for court-appointed attorney fees and defense costs.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MAXA, J.


We concur:

_____
JOHANSON, J.

_____
BJORGEN, C.J.

8