2015 OCT 17 AM 11: 18

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| THE STATE OF WASHINGTON, | ) | No. 73863-1-I |
| | ) | |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| GRIFFIN LEVI HOWLAND, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |
| | ) | FILED: October 17, 2016 |

MANN, J. — Griffin Howland was convicted of assault in the second degree (domestic violence) on July 28, 2015. The trial court waived the non-mandatory legal financial obligations except one, a $100 domestic violence penalty. Howland argues that the domestic violence penalty is a discretionary LFO and under State v. Blazina, 182 Wn.2d 827, 344 P.3d 680 (2015), the trial court erred in failing to make an individualized finding of Howland's ability to pay. We reverse and remand to the trial court to make an individualized finding on Howland's ability to pay the domestic violence penalty.

## FACTS

The State charged Griffin Howland with one count of assault in the second degree (domestic violence). A jury convicted Howland and, by special verdict, the jury found that Howland and his girlfriend were members of the same household.

At sentencing, Howland explained that he had lost his job and had been out of work for roughly three and a half months. Howland asked the court to "waive any non-mandatory financial penalties."[1] The court sentenced Howland to a standard range 9-month sentence. The court imposed a $500 mandatory victim penalty assessment and a $100 mandatory biological sample fee. The court waived all non-mandatory legal financial obligations (LFO) except one, a $100 discretionary domestic violence penalty under RCW 10.99.080.

Howland appeals the trial court's imposition of the domestic violence penalty.

## ANALYSIS

Failure to Object

The State argues first that Howland failed to object to the domestic violence penalty at trial and that we should therefore decline to decide Howland's appeal. We disagree with the State's argument for two reasons. First, while Howland did not object specifically to imposition of the domestic violence penalty, the record shows that Howland requested the court "waive any non-mandatory financial penalties." Howland's request was sufficient to preserve this issue for appeal.

Second, the Washington Supreme Court in Blazina, made clear that trial courts must make an individualized inquiry into a defendant's current and future ability to pay

---

[1] Report of Proceedings (RP) (Aug. 5, 2015) at 5.

before imposing discretionary LFOs. Blazina, 182 Wn.2d at 837-38. Since deciding

Blazina, the Washington Supreme Court has routinely exercised discretion to consider

and remand cases to the trial courts for the failure to consider the defendants' ability to

pay discretionary LFOs. See, e.g., State v. Duncan, 185 Wn.2d 430, 437-38, 374 P.3d

83 (2016); State v. Marks, 185 Wn.2d 143, 145-46, 146 n.1, 368 P.3d 485 (2016); State

v. Leonard, 184 Wn.2d 505, 508, 358 P.3d 1167 (2015); State v. Cole, 183 Wn.2d 1013,

1013, 353 P.3d 634 (2015).

The Washington Supreme Court recently summarized its decision in Blazina:

> We reached this issue in Blazina because we found ample and
> increasing evidence that unpayable LFOs "imposed against indigent
> defendants" imposed significant burdens on offenders and our community,
> including "increased difficulty in reentering society, the doubtful
> recoupment of money by the government, and inequities in
> administration." . . . Given that, and given the fact that the trial courts had
> not made an individualized inquiry into the defendants' ability to pay
> before imposing the LFOs, we remanded to the trial court for new
> sentencing hearings.

Duncan, 185 Wn.2d at 437 (quoting Blazina, 182 Wn.2d at 835-87).

The Domestic Violence Penalty

While the domestic violence penalty may not be a "cost" under RCW 10.01.160,

it is still a discretionary LFO.[2] RCW 10.99.080(1) grants trial courts the discretion to

impose a $100 domestic violence penalty against any adult convicted of a crime

involving domestic violence. RCW 9.94A.030(31) defines an LFO as including any

"financial obligation that is assessed to the offender as a result of a felony conviction."

Because the discretionary domestic violence penalty is a financial obligation resulting

---

[2] The Washington Supreme Court has not limited its holding in Blazina to costs imposed under RCW 10.01.160. See, e.g., State v. Leonard, 184 Wn.2d at 507-08 (requiring individualized assessment of offender's ability to pay discretionary costs of incarceration under RCW 9.94A.760(2) and medical care under RCW 70.48.130).

from a felony conviction for domestic violence, it is a discretionary LFO. Under <u>Blazina</u>, the trial court was required to make an individualized assessment of Howland's ability to pay the domestic violence penalty.

The State attempts to distinguish <u>Blazina</u> by arguing that the domestic violence penalty in RCW 10.99.080 should be treated differently than discretionary LFOs imposed under the costs statute, RCW 10.01.160. The State's argument fails.

RCW 10.99.080(5) provides:

> When determining whether to impose a penalty assessment under this section, judges are encouraged to solicit input from the victim or representative of the victim in assessing the ability of the convicted offender to pay the penalty, including information regarding current financial obligations, family circumstances, and ongoing restitution.

According to the State, the statute's use of the phrase "encouraged to solicit input" renders the assessment of the offender's ability to pay the penalty "permissive, not imperative."[3] The State's reading is overly narrow.

Read as whole, RCW 10.99.080(5) requires the trial court to assess "the ability of the convicted offender to pay the penalty." While in making this assessment the trial court is "encouraged to solicit input from the *victim or representative of the victim,*" the discretion to seek input from the victim does not alter the court's obligation to assess the offender's ability to pay. Thus, while RCW 10.99.080(1) does not require trial courts to impose a domestic violence penalty, when they do, RCW 10.99.080(5) requires the court to first inquire into and determine the convicted offender's ability to pay.

---

[3] Br. of Resp't at 5-6.

Here, the record shows the trial court did not conduct an inquiry into whether Howland had the ability to pay the domestic violence penalty. While Howland's judgment and sentence includes boilerplate language that the defendant has the ability or future ability to pay the imposed LFOs, this is the same boilerplate that was rejected in Blazina. Compare Blazina, 182 Wn.2d at 831 (quoting paragraph 2.5 from the judgment and sentence) with Clerk's Papers at 15, paragraph 2.5. The trial court must conduct an individualized assessment and the assessment must be on the record. Blazina, 182 Wn.2d at 839.

## CONCLUSION

We reverse and remand to the trial court to make an individualized inquiry into Howland's ability to pay the discretionary domestic violence penalty.

_____, J.

WE CONCUR:

_____        _____
                                Cox, J.