IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 49656-9-II |
| | (Consolidated with Nos. 49665-8-II, 49817-1-II, 49861-8-II) |
| Respondent, | |
| v. | |
| THOMAS CARL READE, | UNPUBLISHED OPINION |
| Appellant. | |

JOHANSON, J. — In this consolidated appeal, Thomas Carl Reade appeals from four separate convictions for failure to register as a sex offender under Thurston County cause numbers 04-1-02172-7, 05-1-01468-1, 06-1-00343-1, and 08-1-01465-1. He argues that the 2006 sentencing court erred in imposing discretionary legal financial obligations (LFOs) without first conducting an adequate individualized inquiry into his current or future ability to pay as required under *State v. Blazina*.[1] Because the record shows that the 2006 sentencing court failed to conduct an individualized inquiry into Reade's ability to pay discretionary LFOs, we remand to the sentencing court to reexamine the imposition of the discretionary LFOs in that matter.

---

[1] 182 Wn.2d 827, 344 P.3d 680 (2015).

In a statement of additional grounds for review (SAG), Reade raises several additional claims related to all of his convictions. He contends that the sentencing courts erred when they included his prior California conviction for sexual intercourse with a minor in his offender scores because he did not stipulate that the California offense was comparable to a Washington offense and the State failed to prove the California offense was comparable to a Washington offense. Reade further contends that he received ineffective assistance of counsel in regard to each of his convictions because his defense counsel failed to advise him that the State would have to prove comparability of the California offense in order to prove the failure to register charges or to include the California offense in his offender scores. Reade also contends that none of his guilty pleas were knowing, intelligent, and voluntary because he was not informed of the elements of the charges when his counsel failed to advise him that the State would have to prove the comparability of the California offense. Reade also notes that the California offense does not require registration in California. Finally, Reade suggests that he is "actually innocent" of the offenses. SAG at 5. These claims either fail or we cannot address them based on this record. Accordingly, we affirm Reade's convictions.

FACTS

I. 2004 OFFENSE

In December 2004, the State charged Reade by second amended information with one count of violation of sex offender registration requirement under cause number 04-1-02172-7. The 2004 second amended information alleged, in part,

> That the defendant, THOMAS C. READE, in the State of Washington, during the period from September 7, 2004 to October 11, 2004, having been previously convicted of a sex offense, to wit: *a 2002 conviction of Sexual Intercourse with a Minor in California*, and therefore required to register as a sex offender in

2

Washington, did knowingly fail to comply with sex offender registration requirements.

Clerk's Papers (CP) at 59 (emphasis added). Reade pleaded guilty to this charge.

In his guilty plea statement, Reade pleaded guilty to the charge, noting that the elements of the crime were set forth in the second amended information. This plea statement did not list an offender score because this was, at that time, an unranked offense. Despite this, the State's statement of criminal history included a 2002 California conviction for "Sexual Intercourse w/Minor." CP at 40.

Reade provided the following statement:

*I have previously been convicted of a sex-offense. As a result of that conviction I am required to register as a sex-offender.* I was, at the time of this offense, aware of my registration requirements. In Thurston County, during the period September 7, 2004 through November 11, 2004, I knowingly provided the sheriff's office with an address where I was not then residing.

CP at 47 (emphasis added; bolding omitted).

At the change of plea hearing,[2] the trial court verified that Reade had reviewed and understood the plea statement, understood the charge, understood the State's recommendations, and was entering the plea voluntarily. After having Reade verify his factual statement, the trial court accepted the guilty plea.

At the sentencing hearing,[3] defense counsel agreed that the recommended sentence was an agreed-to recommendation. During this hearing, the sentencing court did not question the

---

[2] This hearing was held before the Hon. Richard Strophy.

[3] This hearing was held before the Hon. Gary R. Tabor.

3

comparability of the California offense. The sentencing court did not impose any discretionary LFOs.

Although this was an unranked offense, the judgment and sentence for the 2004 offense includes the California sexual intercourse with a minor offense in Reade's criminal history. It noted that the offense occurred in 2002.

## II. 2005 OFFENSE

In August 2005, the State charged Reade with a new felony violation of a sex offender registration requirement under cause number 05-1-01468-1. The 2005 information alleged, in part,

> That the defendant, THOMAS CARL READE, in the State of Washington, on or between June 13, 2005 and July 25, 2005, *having been previously convicted of a sex offense, to wit: a 2002 conviction for Sexual Intercourse with a Minor in San Mateo County Superior Court in California*, and therefore required to register as a sex offender in Washington, did knowingly fail to comply with sex offender registration requirements.

CP at 4 (emphasis added).

In his guilty plea statement, Reade pleaded guilty to the 2005 charge, noting that the elements of the crime were set forth in the information. Although this was an unranked offense, the plea statement and the State's statement of Reade's criminal history stated that Reade's offender score for the offense was four points.

Reade provided the following statement:

> During the period June 13 to July 25, 2005, in Thurston County, I knowingly failed to register with the sheriff's office after having been convicted of a crime that requires sex offender registration.

CP at 19.

4

At the change of plea hearing,[4] the trial court confirmed that Reade had reviewed the plea statement with counsel and that he understood it. Reade also confirmed that his factual statement was true. The trial court accepted the guilty plea.

The State's statement of Reade's criminal history included the California conviction and noted that the crime occurred in 2001. Although this was an unranked offense, the sentencing court included the California conviction for "[s]exual [i]ntercourse with [m]inor (15 y/o victim)" in Reade's criminal history for the 2005 offense. CP at 6. The judgment and sentence for the 2005 offense stated that the California offense occurred in 2001. Reade did not challenge the inclusion of this offense in his criminal history, and the sentencing court did not conduct a comparability analysis. The sentencing court did not impose any discretionary LFOs.

### III. 2006 OFFENSE

### A. 2006 GUILTY PLEA

In February 2006, the State charged Reade with another violation of sex offender registration requirement under cause number 06-1-00343-1. This information alleged,

> In that the defendant, THOMAS CARL READE, in the State of Washington, on or between January 17, 2006 and January 23, 2006, *having been previously convicted of a sex offense, to wit: a 2002 conviction for Sexual Intercourse with a Minor in San Mateo County, California*, and therefore required to register as a sex offender in Washington, did knowingly fail to comply with sex offender registration requirements, to wit: the defendant failed to report in as a transient to the Thurston County Sheriff's Office on January 17 and January 23, 2006 as required by law.

CP at 79 (emphasis added).

Reade pleaded guilty. In his guilty plea statement, Reade stated,

---

[4] This hearing was held before the Hon. Chris Wickham.

> *I have previously been convicted of a sex-offense, and I am required by law to register my address or location with the sheriff's office.* I was aware of this requirement and had been registering as a transient. During the period from around January 17 to January 23, 2006, in Thurston County, I missed two consecutive weeks of transient reporting, which was a violation of the registration requirements.

CP at 86 (some capitalization omitted; emphasis added).

The trial court verified that Reade had reviewed and signed the guilty plea statement and that he had reviewed the State's recommended sentence. The trial court verified that the plea was voluntary and reviewed Reade's factual statement. The trial court then accepted the guilty plea. Defense counsel then advised the trial court that the sentencing recommendation was an agreed-to recommendation.

Although this was an unranked offense, the trial court listed the California conviction for "[s]exual [i]ntercourse with a [m]inor (15 y/o victim)" in Reade's criminal history. CP at 89. The trial court noted that this crime occurred in 2001.

## B. 2006 LFOs

The only thing in the record from sentencing on the 2006 offense related to Reade's potential financial situation was his comment during his colloquy that he was requesting work release so he could try to turn his life around. The 2006 sentencing court did not question Reade about his current or past employment, his current financial status, his current financial obligations, his employable skills, or any other issues potentially related to Reade's current or potential future financial status.

The sentencing court imposed the following LFOs: $150 for "[c]ourt appointed defense expert and other defense costs," a $500 victim assessment, $200 in unspecified "[c]ourt costs," and $100 deoxyribonucleic acid (DNA) collection fee. CP at 91. The sentencing court also found

6

that Reade had "the means to pay for the cost of incarceration and is ordered to pay such costs at the rate of $50.00 per day, unless another rate is specified here:  [left blank]."  CP at 92.  Although the sentencing court did not discuss Reade's financial status at the hearing, the 2006 judgment and sentence contained a boilerplate finding stating that Reade had the present or future ability to pay LFOs.

### IV.  2008 OFFENSES

In October 2008, the State charged Reade by first amended information with violation of the sex offender registration requirement and two counts of attempted indecent exposure under cause number 08-1-01465-1.  The first amended information provided, in part,

> In that the defendant, THOMAS CARL READE, in the State of Washington, on or about [A]ugust 11, 2008, *having been previously convicted of a sex offense, to wit: 2006 conviction in California of Unlawful Sex with a Minor*, and therefore required to register as a sex offender in Washington, did knowingly fail to comply with sex offender registration requirements.

CP at 129 (emphasis added).

Reade pleaded guilty to these charges.  In his guilty plea statement, he listed his offender score for the failure to register offense as 9+ points, but he did not specify what offenses were included in this calculation.  Instead of providing a factual statement about the offense, Reade agreed that the trial court could review the statement of probable cause to establish a factual basis for the plea.  The probable cause statement is not part of the appellate record.

The State presented a criminal history and a sentencing worksheet, both of which included the California conviction for "[s]exual [i]ntercourse with a [m]inor (15 y/o victim)."  CP at 120. The State's criminal history noted that the California offense was committed in 2001.  Including

the California offense, the State calculated Reade's offender score on the failure to register offense as 9+ points.

At the change of plea hearing,[5] the trial court verified the State's criminal history and offender score calculation. The trial court asked Reade if the State's statement of Reade's criminal history and proposed offender score calculation were consistent with Reade's "understanding of [his] history." RP (Oct. 8, 2008) at 4. Reade responded that they were and that he had reviewed his history and offender score with defense counsel.

The trial court then verified that (1) Reade had reviewed the guilty plea statement with his counsel, (2) counsel had answered all of Reade's questions, (3) Reade had been able to review the State's evidence and its case against him, and (4) Reade understood the rights he was giving up by pleading guilty. Reade then pleaded guilty to the charges.

The trial court noted that Reade had declined to make a statement but that he had agreed the court could look at the probable cause statement to establish the factual basis for the guilty plea. The trial court asked defense counsel if he read the plea statement with his client, counsel stated that he had and that he felt that Reade had understood it. Counsel stated that Reade had asked appropriate questions and he had answered them. The trial court accepted the pleas.[6]

The judgment and sentence for the 2008 offenses included the California offense of "[s]exual [i]ntercourse with a [m]inor (15 y/o victim)" in Reade's criminal history. CP at 132. The judgment and sentence noted that the California offense occurred in 2001. The sentencing

---

[5] This hearing was held before the Hon. Anne Hirsch.

[6] Reade does not challenge his convictions for attempted indecent exposure.

court also concluded that Reade's offender score was 9+. The sentencing court waived any attorney fees and did not impose any discretionary LFOs.

## V. APPEALS

In November 2016, Reade filed notices of appeal under all four cause numbers.[7] He argued that he should be allowed to file the late notices of appeal because he had never been informed of his right to appeal.

A commissioner of this court accepted the late notices of appeal after determining that the State had not met its burden of establishing that Reade knowingly, voluntarily, and intelligently waived his right to appeal. We consolidated the four notices of appeal.

## ANALYSIS

### I. 2006 DISCRETIONARY LFOS

Reade argues that the 2006 sentencing court erred when it imposed discretionary LFOs, specifically the $150 for defense costs and the cost of incarceration, without first conducting an individualized inquiry into his ability to pay LFOs as required by *Blazina*. The State argues that because Reade did not object to the 2006 LFOs, Reade has waived this issue and we should decline to consider this issue under RAP 2.5. In the alternative, the State argues that if we choose to exercise our discretion and consider this issue, it concedes that the 2006 sentencing court erred and that remand to the sentencing court for it to conduct the required inquiry is appropriate. We exercise our discretion to review the LFO issue on appeal and hold that the 2006 sentencing court

---

[7] The superior court entered an order of indigency on November 10, 2016.

failed to conduct the required individualized inquiry. *See* RAP 2.5(a) ("The appellate court *may* refuse to review any claim of error which was not raised in the trial court.") (emphasis added).

In *Blazina*, our Supreme Court emphasized the importance of an on-the-record individualized inquiry into a defendant's ability to pay discretionary LFOs. 182 Wn.2d at 838-39. The court stated that "[t]he record must reflect that the trial court made an individualized inquiry into the defendant's current and future ability to pay" and that the trial court "must . . . consider important factors . . . such as incarceration and a defendant's other debts, including restitution" when making this determination. *Blazina*, 182 Wn.2d at 838. In *State v. Leonard*, our Supreme Court also held that the assessment of costs of incarceration must also comply with *Blazina*. 184 Wn.2d 505, 508, 358 P.3d 1167 (2015). As the State concedes, the record here is devoid of any inquiry related to Reade's ability to pay.

Accordingly, we reverse the imposition of the discretionary LFOs and costs of incarceration and remand to the 2006 sentencing court to conduct the proper inquiry.

## II. STATEMENT OF ADDITIONAL GROUNDS FOR REVIEW

### A. INCLUSION OF CALIFORNIA OFFENSE IN OFFENDER SCORE

In his SAG, Reade contends that because he did not stipulate to the comparability of the California offense and the State failed to prove comparability to a Washington offense, the sentencing courts erred by including the California offense in his offender scores. This claim fails.

We review de novo the sentencing court's calculation of a defendant's offender score. *State v. Olsen*, 180 Wn.2d 468, 472, 325 P.3d 187 (2014). In most cases, a defendant's offender score, together with the seriousness level of his current offense, dictates the standard sentencing range used in determining his sentence. RCW 9.94A.530(1).

A sentencing court properly includes an out-of-state prior conviction in a defendant's offender score only if the out-of-state conviction is comparable to a Washington conviction. *Olsen*, 180 Wn.2d at 472; *State v. Arndt*, 179 Wn. App. 373, 378, 320 P.3d 104 (2014). Generally, the State bears the burden of proving the existence and comparability of the out-of-state offenses. *Olsen*, 180 Wn.2d at 472.

But a sentencing court can properly include a defendant's out-of-state convictions in a defendant's offender score where the defendant affirmatively acknowledges the existence and comparability of the prior convictions. *State v. Ross*, 152 Wn.2d 220, 233, 95 P.3d 1225 (2004) (citing *State v. Ford*, 137 Wn.2d 472, 482-83, 973 P.2d 452 (1999). If the defendant does not affirmatively acknowledge the existence and comparability, the sentencing court must determine whether the out-of-state conviction is comparable to a Washington offense.

Reade's 2004, 2005, and 2006 failure to register offenses were unranked felonies. *See* former RCW 9.94A.515 (2003); former RCW 9.94A.515 (2004); former RCW 9.94A.515 (2005). Because these offenses were unranked, the standard range was statutorily fixed at 0 to 12 months. Former RCW 9.94A.505(2)(b) (2002). Thus, the 2004, 2005, and 2006 sentencing courts were not required to calculate an offender score and no comparability determination was required in order to calculate the offender scores for these offenses.

The 2008 failure to register offense, was, however a ranked offense. *See* RCW 9.94A.515 (2007). But at the 2008 change of plea hearing, the trial court verified the State's statement of criminal history and offender score calculation, which included the California offense, and Reade affirmatively acknowledged that the offender score presented to the 2008 sentencing court was

Consol. Nos. 49656-9-II / 49665-8-II / 49817-1-II / 49861-8-II

correct. Thus, the record shows that Reade stipulated to the inclusion of the California offense in the offender score for the 2008 offense.

Because the California offense was either not used to calculate an offender score or Reade stipulated to its inclusion, he does not show that the sentencing courts erred by not conducting a comparability analysis for purposes of his offender scores.

B.  INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM

Reade next contends that he received ineffective assistance of counsel in regard to each of his convictions because his defense counsel failed to advise him that the State would have to prove comparability in order to prove the failure to register charges or include the California offense in his offender scores.  But whether any of his defense counsel properly advised him of the comparability requirements is outside the record on appeal.  Accordingly, we cannot address this issue.  *State v. McFarland*, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995) (on direct appeal, the appellate court will not consider matters outside the record; the proper way to address matters outside the record is to do so through a personal restraint petition).

Furthermore, even if we were to assume any of Reade's counsel failed to advise Reade of the comparability requirements, we would be unable to determine if these omissions were prejudicial[8] because the record does not contain the information we need to determine whether the California offense was comparable to a Washington offense.  Although the California offense is arguably not legally comparable because it is broader than the Washington offense of third degree

---

[8] To establish ineffective assistance of counsel, an appellant must establish both that counsel's representation was deficient and that the deficient representation was prejudicial. *McFarland*, 127 Wn.2d at 334-35.

12

child rape, *compare* RCW 9A.44.079[9] *with* CAL. PENAL CODE § 261.5,[10] the California offense could still be factually comparable *if* Reade was at least 48 months older than the victim. But that information is not in the record nor can we extrapolate it from the facts we have.

The only relevant record before us, specifically the information contained in Reade's judgments and sentences and the State's criminal history statements, shows that the California offense was committed in either 2001 or 2002, that the victim was 15 years old, and that Reade's birthday was March 26, 1981. We do not know the victim's birthdate or the exact date of the offense. Based on this information, it is possible that if the offense occurred in January 2001, when Reade was 19 years and 10 months old, and if the victim was at that time 15 years and 11 months old, the age difference would have been only 47 months. Under this scenario, the California offense would not be factually comparable to a Washington third degree rape because

---

[9] RCW 9A.44.079(1) provides,

> A person is guilty of rape of a child in the third degree when the person has sexual intercourse with another who is at least fourteen years old but less than sixteen years old and not married to the perpetrator and *the perpetrator is at least forty-eight months older than the victim*.

(Emphasis added.)

[10] Reade asserts that he was convicted under *Cal. Penal Code* § 261.5(c). *Cal. Penal Code* § 261.5 provides in part,

> (a) Unlawful sexual intercourse is an act of sexual intercourse accomplished with a person who is not the spouse of the perpetrator, if the person is a minor. For the purposes of this section, a "minor" is a person under the age of 18 years and an "adult" is a person who is at least 18 years of age.
> . . . .
> (c) Any person who engages in an act of unlawful sexual intercourse with a minor who is *more than three years younger* than the perpetrator is guilty of either a misdemeanor or a felony.

(Emphasis added.)

the Washington offense requires a 48-month age difference. RCW 9A.44.079. So, again, based on our record, we cannot address Reade's ineffective assistance of counsel claim.

### C. VALIDITY OF GUILTY PLEAS

Reade further contends that his guilty pleas were not knowing, intelligent, and voluntary because he was not informed of the elements of the charges when his counsel failed to advise him that the State would have to prove the comparability of the California offense.[11] Again, what his counsel advised him of is outside the record. Thus, we cannot address this issue on direct appeal. *McFarland*, 127 Wn.2d at 335.

### D. MISCELLANEOUS CLAIMS

Reade also notes that the California offense does not require registration in California. But whether the offense was a registerable offense in California is irrelevant because, under Washington law, a qualifying sex offense is not required to be subject to registration in the state where the conviction occurred. Instead, at the time of Reade's offenses, registration was required for any out-of-state conviction that under the laws of this state would be classified as a qualifying sex offense. *See* former RCW 9A.44.130(9)(a) (2003); former RCW 9A.44.130(10)(a) (2006).

Reade also suggests that he is "actually innocent" of the offenses. SAG at 5. Even presuming, but not deciding, that he may raise a freestanding actual innocence claim, this argument would fail. A defendant asserting a freestanding actual innocence claim must, at a minimum, make a threshold showing of innocence. *See In re Pers. Restraint of Weber*, 175 Wn.2d 247, 260, 262-63, 284 P.3d 734 (2012). Here, to establish a threshold showing of innocence, Reade would have

---

[11] We note that Reade admits that he stipulated to the fact he had a prior conviction requiring sex offender registration when he entered his pleas. His arguments focus instead on counsel's failure to advise him of what the State would have been required to do to prove the prior offense.

14

to show that the California conviction was not in fact comparable to a registerable sex offense in Washington. As discussed in the ineffective assistance of counsel section above, although it is possible that the California conviction would not be classified as a sex offense in Washington, this is not something we can determine with certainty based on our record. Thus, Reade fails to overcome the threshold showing of innocence and this argument fails.

We affirm Reade's convictions. But we remand to the 2006 sentencing court to reexamine the imposition of the discretionary LFOs and costs of incarceration in cause number 06-1-00343-1.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

JOHANSON, J.

We concur:

BJORGEN, C.J.

SUTTON, J.