IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 35708-2-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | OPINION PUBLISHED IN PART |
| | ) | |
| BENJAMIN G. SMITH, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, A.C.J. — Benjamin Smith appeals several legal financial obligations

(LFOs) imposed at sentencing: a criminal filing fee, sheriff's fee, court-appointed counsel

fee, domestic violence penalty assessment, and medical expenses characterized as

restitution. Based on recent changes to Washington's LFO scheme, Mr. Smith is entitled

to relief from the first three of the challenged LFOs. However, the domestic violence

assessment was not impacted by LFO reform. In addition, although the medical expenses

should not have been characterized as restitution, LFO reform also does not prohibit

recovery of medical costs. We therefore grant Mr. Smith's request for LFO relief in part

and remand for further proceedings.

FACTS

Benjamin Smith pleaded guilty to six counts of child molestation and one count

of child rape. Each count included a domestic violence allegation. Mr. Smith's offenses

involved two victims, both of whom lived in Mr. Smith's household. Mr. Smith's guilty

plea was supported by a post-arrest confession.

The court imposed an exceptional sentence, requiring Mr. Smith to serve a

minimum term of 347 months of confinement before becoming eligible for release.

The court also imposed both mandatory and discretionary LFOs. Those obligations

included a $200.00 criminal filing fee, $100.00 sheriff's fee, $750.00 in fees for a court-

appointed attorney, a $100.00 domestic violence penalty assessment, and $466.03 in

restitution to the Columbia County Sheriff's Office. The restitution order pertained to

the cost of medication Mr. Smith received while in custody pending adjudication.

The judgment and sentence was entered on November 1, 2017. Mr. Smith has

filed a timely appeal.

ANALYSIS

*LFOs*

Mr. Smith raises several challenges to his LFOs. Our review of his claims is two-

fold. Legal issues are reviewed de novo. *State v. Ramirez*, 191 Wn.2d 732, 741-42,

426 P.3d 714 (2018). But a trial court's ultimate decision of whether to impose LFOs

is reviewed for abuse of discretion. *Id.* As explained below, several of Mr. Smith's legal

arguments require amending the trial court's imposition of LFOs. We do not reverse any

No. 35708-2-III
*State v. Smith*

of the trial court's discretionary decisions.

>   *Criminal filing fee*

Citing *Ramirez*, Mr. Smith has filed supplemental briefing requesting we strike the $200 criminal filing fee imposed by the trial court at sentencing. *Ramirez* was decided after the close of briefing in this case. The decision held that amendments to Washington's LFO scheme enacted in 2018[1] apply prospectively to cases on direct appellate review at the time of enactment. *Ramirez*, 191 Wn.2d at 747. Among other things, the 2018 statutory amendments prohibit imposition of a criminal filing fee on a defendant who is "indigent" at the time of sentencing as that term is defined by RCW 10.101.010(3)(a)-(c). RCW 36.18.020(2)(h).

The 2018 LFO amendments adopted a specific definition of indigence. Under the amendments, it is not enough that a defendant is indigent for purposes of appointment of counsel. Instead, a defendant must show one of three types of indigence: (a) receipt of a qualifying form of public assistance, (b) involuntary commitment in a public mental health facility, or (c) an annual income, after taxes, of 125 percent or less of the current federally established poverty level. *See* RCW 36.18.020(2)(h) (adopting indigence as defined by RCW 10.101.010(3)(a)-(c) but not including RCW 10.101.010(3)(d)).

_____

[1] LAWS OF 2018, ch. 269.

Mr. Smith meets the requisite definition of indigence based on his income. *See* RCW 10.101.010(3)(c). As a result, Mr. Smith's case is controlled by the changes to the LFO scheme and *Ramirez.* Accordingly, we grant Mr. Smith his requested relief on this issue and direct the trial court to strike the $200 criminal filing fee from Mr. Smith's judgment and sentence.

*The sheriff's and court-appointed counsel fees*

The $100 sheriff's fee and $750 court-appointed counsel fee meet the same fate as the $200 criminal filing fee. The sheriff's fee and the court-appointed counsel fee are both discretionary costs of prosecution imposed under RCW 10.01.160. Under the 2018 LFO amendments, such costs cannot be imposed against a defendant who is indigent, as defined in RCW 10.101.010(3)(a)-(c), at the time of sentencing. RCW 10.01.160(3). Pursuant to *Ramirez*, Mr. Smith is entitled to the benefit of the current law. Accordingly, the $100 sheriff's fee and $750 court-appointed counsel fee must be struck.

*Domestic violence penalty assessment*

The $100 domestic violence penalty assessment differs from the aforementioned discretionary fees. Although the domestic violence assessment is not mandatory, RCW 10.99.080(1) (penalty assessment "may" be imposed), it is not a cost of prosecution under RCW 10.01.160. Instead, it is a penalty assessment governed by RCW 10.99.080.

4

Unlike the statutes governing filing fees and costs, the domestic violence penalty assessment statute was not amended by the 2018 LFO legislation, and does not prohibit imposition of an assessment against indigent defendants. RCW 10.99.080. Thus, Mr. Smith's indigence does not dictate the applicability of the fee.

We turn then to whether the trial court abused its discretion in imposing the assessment. The discretionary focus of the domestic violence penalty assessment is dissimilar to that of prosecution costs under RCW 10.01.160. Instead of looking to the hardships that a financial obligation may have on a defendant, RCW 10.01.160, the domestic violence assessment focuses on hardships to the victim, which often includes members of the defendant's family. RCW 10.99.080(5).

There was no evidence here indicating that imposition of the $100 domestic violence penalty assessment would pose a hardship on the victims or other members of Mr. Smith's family. By the time of sentencing, Mr. Smith's family had severed ties with him. No restitution was owing to Mr. Smith's family. Thus, imposition of the $100 penalty assessment did not pose a hardship as contemplated by RCW 10.99.080. Accordingly, the trial court acted within its discretion in imposing the assessment.

### Medical expenses characterized as restitution

"Restitution is allowed only for losses [or costs] that are 'causally connected' to

the crimes charged." *State v. Tobin*, 161 Wn.2d 517, 524, 166 P.3d 1167 (2007) (quoting

*State v. Kinneman*, 155 Wn.2d 272, 286, 119 P.3d 350 (2005)). Costs are causally

connected when the charged crime is the "but for" cause of the loss. *Id.*

Here, the $466.03 ordered as restitution to the sheriff's office was for the cost of

medication Mr. Smith received during his time in local custody pending resolution of his

plea and sentencing. The parties agree that the medical expenses incurred in this case do

not constitute restitution. Instead, the expenses are medical costs that may be recovered

under RCW 70.48.130(5). Because the trial court mischaracterized the medical expenses

as restitution, remand is required for resentencing.

Mr. Smith claims that remand is unnecessary because trial courts hold

discretionary authority not to impose medical costs based on indigence. *See State v.

Leonard*, 184 Wn.2d 505, 358 P.3d 1167 (2015). While we agree with Mr. Smith that

the trial court has discretion to waive medical costs based on indigence, we are not at

liberty to mandate the court's exercise of discretion. Unlike the statutes governing

filing fees and prosecution costs, the statute authorizing recoupment of medical costs

was not amended by the 2018 LFO reform bill. Although a trial court "must find

whether the defendant has the ability to pay" prior to ordering repayment of medical

costs, *Leonard*, 184 Wn.2d at 507, the fact that Mr. Smith meets the statutory definition

6

of indigence under RCW 10.101.010(3)(c) does not preclude the trial court from requiring reimbursement. Instead, any imposition of medical costs depends on the trial court's individualized assessment of Mr. Smith's ability to pay, pursuant to the standard set by Supreme Court jurisprudence. *Id*. at 508.

We therefore remand this matter for a determination of whether recovery of medical costs is appropriate in light of Mr. Smith's claimed inability to pay. In assessing the appropriateness of medical costs on remand, the trial court shall conduct an individualized inquiry into Mr. Smith's current and future ability to pay LFOs, as set forth in *Ramirez* and *State v. Blazina*, 182 Wn.2d 827, 344 P.3d 680 (2015), given the current term of incarceration. *See Leonard*, 184 Wn.2d at 508. As part of this inquiry, the court shall inquire of the following: "(1) employment history, (2) income, (3) assets and other financial resources, (4) monthly living expenses, and (5) other debts." *Ramirez*, 191 Wn.2d at 744. The ultimate determination of whether Mr. Smith has the ability to reimburse medical costs shall be guided by the comment to GR 34. *Id*. Because Mr. Smith meets the GR 34 standard for indigence based on lack of income, the trial court should "'seriously question [Mr. Smith's] ability to pay LFOs.'" *Id*. at 743 (quoting *Blazina*, 182 Wn.2d at 839).

7

A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder having no precedential value shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

*Scrivener's error—offense dates*

Mr. Smith points out that the offense dates listed in his judgment and sentence are incorrect. Specifically, the judgment and sentence lists the dates for each offense as March 21, 2016 to January 23, 2017. However, the actual offense dates, as set forth in the amended information, are as follows:

Count 1—March 31, 2012 to March 31, 2013

Count 2—March 31, 2013 to March 31, 2014

Count 3—March 31, 2014 to March 31, 2015

Count 4—March 31, 2015 to March 31, 2016

Counts 5 & 6—March 31, 2016 to January 23, 2017

Count 7—September 26, 2015 to September 26, 2016

As the State agrees, remand is appropriate for correction of the error. *State v. Moten*, 95 Wn. App. 927, 929, 976 P.2d 1286 (1999).

STATEMENT OF ADDITIONAL GROUNDS FOR REVIEW

Pursuant to RAP 10.10, Mr. Smith has submitted a statement of additional grounds

for review (SAG). We deny his requested relief.

*Ineffective assistance of counsel*

Mr. Smith first claims that he received ineffective assistance of counsel. None of

his claims warrant relief:

- Mr. Smith contends his attorney should have objected to the "[domestic violence]

  attachment" on his six child molestation charges. SAG at 1. Any failure by

  counsel to lodge an objection did not constitute deficient performance since

  child molestation is properly characterized as a domestic violence offense.

  RCW 26.50.010(3)(b); RCW 9.94A.030(20); *see also State v. Kozey*, 183 Wn.

  App. 692, 698-99, 702, 334 P.3d 1170 (2014).[2]

- Mr. Smith complains his attorney did not advise him of the rights he was

  surrendering by opting for a bench trial. However, Mr. Smith did not have a bench

  trial. He was convicted by way of plea.

- Mr. Smith asserts that his attorney performed deficiently because she did not

  advise him of the right to a jury trial as to his sentence aggravator. This claim

---

[2] The list of ffenses set forth at RCW 10.99.020(5) is not exhaustive.

9

lacks legal support. The trial court imposed an exceptional sentence based on the "'free crimes'" aggravator authorized by RCW 9.94A.535(2)(c). *State v. Alvarado*, 164 Wn.2d 556, 566-67, 192 P.3d 345 (2008). This aggravator does not require a jury finding. *Id.* at 567.

- Mr. Smith claims his attorney performed deficiently by not moving to have his charges reduced from child molestation to incest. However, a defendant does not have the right to compel a prosecutor's election of charges. *United States v. Batchelder*, 442 U.S. 114, 123-25, 99 S. Ct. 2198, 60 L. Ed. 2d 755 (1979). Thus, Mr. Smith's attorney did not act ineffectively by failing to make this request.

- Mr. Smith argues that his attorney provided deficient representation by not explaining the potential benefits of an *Alford*[3] plea. This claim fails factually and legally. An *Alford* plea applies to defendants who plead guilty while maintaining factual innocence. Here, Mr. Smith confessed to his offense conduct during an interview with law enforcement. He proffers no theory for why an *Alford* plea would have been appropriate or what benefits could have accrued from an *Alford* plea.

---

[3] *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

*Prosecutorial misconduct*

Mr. Smith challenges the prosecutor's decision to charge him with child molestation—domestic violence, as opposed to incest in the first or second degrees. As previously indicated, prosecutors enjoy wide discretion in making charging decisions. *See Bordenkircher v. Hayes*, 434 U.S. 357, 364, 98 S. Ct. 663, 54 L. Ed. 2d 604 (1978) ("In our system, so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file . . . generally rests entirely in his [or her] discretion."). It is not misconduct to opt for a more serious charge when a lesser charge is available. *Batchelder*, 422 U.S. at 123-24 ("[W]hen an act violates more than one criminal statute, the [State] may prosecute under either so long as it does not discriminate against any class of defendants.").

*Vague information*

Mr. Smith claims that the amended information was impermissibly vague because it did not describe what was meant by "'sexual contact.'" SAG at 3. Mr. Smith's vagueness claim is one that could have been remedied in the trial court by a bill of particulars. Accordingly, it cannot be raised for the first time on appeal. *State v. Leach*, 113 Wn.2d 679, 687, 782 P.2d 552 (1989). Furthermore, by entering a voluntary plea to

the charges in the information, Mr. Smith has waived any challenge to the language set forth in the information. *See State v. Peltier*, 181 Wn.2d 290, 294, 332 P.3d 457 (2014) ("A guilty plea waives all defenses other than the failure of the information to charge an offense.").

## CONCLUSION

Mr. Smith's convictions are affirmed. We remand for the trial court to strike the following LFOs from the judgment and sentence: the $200.00 criminal filing fee, $100.00 sheriff's fee, and $750.00 court-appointed attorney fee. The trial court shall also strike the $466.03 in restitution; however, on remand the trial court may consider whether the $466.03 in medical expenses mischaracterized as restitution may be reimposed as medical costs under RCW 70.48.130. Finally, on remand, the judgment and sentence shall be corrected so as to reflect the offense conduct dates as set forth in the amended information. Appellate costs shall not be imposed.

_____, A.C.J.
Pennell, A.C.J.

WE CONCUR:

_____        _____
Siddoway, J.                   Fearing, J.

12