IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 37151-4-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| ANDREW P. RICE, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, C.J. — Andrew Paul Rice appeals various legal financial obligations

(LFOs), imposed as a result of his conviction for driving while under the influence (DUI).

Because the trial court committed legal error in imposing the LFOs, we grant Mr. Rice

relief and remand for further proceedings.

FACTS

A superior court jury convicted Mr. Rice of attempt to elude a police vehicle and DUI. The jury specified Mr. Rice had a blood alcohol concentration in excess of 0.15 at the time of his offense. At sentencing, the trial court found Mr. Rice was indigent and therefore declined to impose a $200.00 criminal filing fee. However, the court accepted the State's representation that it had to impose $1,195.50 in DUI fees, regardless of indigence.

Mr. Rice now appeals the court's imposition of the DUI fees.

ANALYSIS

Although Mr. Rice did not object at sentencing, our courts have developed a practice of reviewing LFO challenges raised for the first time on appeal. *See State v. Blazina*, 182 Wn.2d 827, 833-35, 344 P.3d 680 (2015); *see also State v. Glover*, 4 Wn. App. 2d 690, 693, 423 P.3d 290 (2018) ("In the wake of *Blazina*, appellate courts have heeded its message and regularly exercise their discretion to reach the merits of unpreserved LFO arguments."). The applicability of a particular LFO, including the question of whether the LFO can be suspended based on indigence, is a legal matter reviewed de novo. *State v. Smith*, 9 Wn. App. 2d 122, 125-26, 442 P.3d 265 (2019).

*Fees imposed under Title 3 RCW*

Mr. Rice challenges the trial court's imposition of $43.00 under RCW 3.62.085 (fee for conviction or plea of guilty) and $352.50 under RCW 3.62.090 (public safety and education assessment). As Mr. Rice correctly points out, Title 3 RCW applies only to courts of limited jurisdiction. Mr. Rice was convicted in superior court. Title 3 RCW had no application to his case. The State concedes this point. The fees imposed under Title 3 RCW must be stricken.

*Fees imposed under Title 46 RCW*

Mr. Rice was assessed three fees under Title 46 RCW: (1) a $50.00 fee under RCW 46.64.055 (additional monetary penalty), (2) a $500.00 fee under RCW 46.61.5055 (penalty for alcohol concentration), and (3) a $250.00 fee under RCW 46.61.5054 (alcohol violator fee). Contrary to the parties' assumptions at the time of sentencing, all three fee statutes allow for flexibility in the event of indigence.

RCW 46.64.055 and RCW 46.61.5055 contain the same language regarding indigence. Both provide the statutory fee "may" not be suspended "unless the court finds the offender to be indigent." RCW 46.64.055(1); RCW 46.61.5055(1)(b)(ii). The upshot of this language is that if the court finds the defendant indigent, then the statutory fee "may" be suspended. As previously noted, the trial court found Mr. Rice

3

indigent. Given this circumstance, it was legally erroneous to characterize the fees under RCW 46.64.055 and RCW 46.61.5055 as mandatory. The fees were discretionary. Remand is appropriate for the trial court to exercise its discretion to suspend Mr. Rice's DUI fees under RCW 46.64.055 and RCW 46.61.5055.

RCW 46.61.5054 is worded differently from the other two Title 46 RCW provisions, but it still allows for flexibility based on indigence. RCW 46.61.5054 begins by stating the $250.00 fee "shall be assessed" to fund various DUI-related enforcement activities. RCW 46.61.5054(1)(a). This mandatory provision is followed by the qualification that the fee "may" be suspended based on indigence "[u]pon a verified petition by the person assessed the fee." RCW 46.61.5054(1)(b). In other words, the fee under RCW 46.61.5054 is not absolutely mandatory. The court has discretion to suspend the fee if the defendant satisfies the procedural requirement of filing a verified petition regarding indigence.

Mr. Rice has not filed a verified petition documenting his indigence. This failure is likely because the court and the parties all mischaracterized Mr. Rice's various DUI fees as nonwaivable. Because we are remanding this matter to the trial court for an exercise of discretion under RCW 46.64.055 and RCW 46.61.5055, it is appropriate to remand for

4

reconsideration under RCW 46.61.5054. To be eligible for suspension of the fee under

RCW 46.61.5054, Mr. Rice will need to satisfy the procedural requirements of the statute.

CONCLUSION

This matter is remanded with instructions to strike the DUI fees imposed

under Title 3 RCW and to reconsider imposition of fees under Title 46 RCW, based

on Mr. Rice's indigence.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____, C.J.
Pennell, C.J.

WE CONCUR:

_____
Fearing, J.

_____
Lawrence-Berrey, J.