[No. 41925-1-I. Division One. December 28, 1998.]

THE STATE OF WASHINGTON, *Respondent*, v. CHRISTOPHER VASQUEZ, *Appellant*.

*James R. Dixon* and *Eric J. Nielsen* of *Nielsen, Broman & Associates, P.L.L.C.*, for appellant.

*Norm Maleng, Prosecuting Attorney,* and *David L. Ryan, Deputy*, for respondent.

PER CURIAM — After Christopher Vasquez entered a plea of guilty to second degree assault, the trial court sentenced him to an exceptional sentence and ordered him to complete Moral Reconation Therapy (MRT) as a condition of his term of community placement. A commissioner of this court granted a motion on the merits to affirm the trial court's decision. We now grant Vasquez's motion to modify the commissioner's ruling and strike the condition requiring him to complete MRT because the evidence below did not establish that it was crime-related. But we affirm his exceptional sentence because the trial court's reason for imposing it is supported by substantial evidence.

Vasquez and his roommate, Edward Kacher, were in their apartment drinking beer and listening to music. Kacher decided he wanted to go to sleep, so he asked Vasquez to

turn the music down. Vasquez became enraged, threw Kacher to the ground, and repeatedly punched him in the face. As soon as Vasquez stopped, Kacher tried to leave, but Vasquez detained him to try to wipe some of the blood off Kacher's face. Kacher left the apartment and called the police.

When the police arrived, Kacher's face was covered with blood, and his left eye had swelled "to 'the size of a baseball.' " Vasquez had blood on his hand, chest, and socks. At first he said he was not home when Kacher was assaulted. Later he said Kacher was beaten by some people he owed money to, and by the mafia.

Vasquez was charged with one count of second degree assault. He entered an *Alford*[1] plea. The standard sentence range for his crime, given his criminal history, was 13 to 17 months. Vasquez's community corrections officer (CCO) recommended that he be ordered to serve the high end of the standard range. Because he had a long history of assaultive behavior and had not proven to be amenable to treatment, his CCO also recommended that he be ordered to enter and complete the Moral Reconation Therapy Program as a condition of his term of community placement. Vasquez challenged the recommendation for MRT, claiming there was not a sufficient nexus between the therapy and his crime. The State did not respond to that argument.

Despite the sentencing recommendations, the trial court entered an exceptional sentence based upon Vasquez's extensive history of assaultive behavior, as reflected by his 15 misdemeanor "convictions for assault or relatedly disruptive and violent behavior." The court also ordered Vasquez to enter and successfully complete the MRT program as a condition of his term of community placement.

Vasquez appealed his exceptional sentence, arguing that the trial court overstated the number of misdemeanor

---

[1]*North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

convictions he had for "assault or relatedly disruptive and violent behavior." He also challenged the requirement that he complete MRT, claiming it was not crime-related treatment.

A commissioner granted a motion on the merits to affirm Vasquez's judgment and sentence. Although the commissioner agreed that the trial court had overstated the number of Vasquez's misdemeanor convictions for disruptive and violent behavior, he concluded the exact number of assaults and violent misdemeanors was not critical to the court's decision. The commissioner also held that the record did not establish the court acted beyond its authority by ordering Vasquez to complete the MRT program. That conclusion, however, was based upon the commissioner's mistaken belief that Vasquez had not challenged the program as not crime-related below.

 Vasquez moved to modify the commissioner's ruling. He is entitled to de novo review of the entire ruling.[2]

## The Evidence Did Not Establish That MRT Was Crime-Related

Vasquez first challenges the trial court's order that he "enter in and successfully complete the Moral Reconation Therapy (MRT) Program, as directed by his Community Corrections Officer." He contends that MRT is not crime-related.

 Under RCW 9.94A.120(9)(a), an offender ordered to serve a prison term after being convicted of second degree assault must serve a one-year term of community placement.[3] As part of the defendant's term of community placement, the court may require the offender to "participate in

---

[2]*State v. Rolax*, 104 Wn.2d 129, 133, 702 P.2d 1185 (1985).

[3]"When a court sentences a person to a term of total confinement to the custody of the department of corrections for . . ., the court shall in addition to the other terms of the sentence, sentence the offender to a one-year term of community placement[.]" RCW 9.94A.120(9)(a).

crime-related treatment or counseling services[.]"[4] A condition is crime-related if it directly relates to the circumstances of the crime.[5]

Vasquez argued before the trial court that there was not a sufficient nexus between his crime and MRT.[6] The State did not respond.

But in Vasquez's presentence investigation report, the community corrections officer's comments about Vasquez's need for MRT suggested the therapy is not related to the specific circumstances of his crime. The CCO recommended that Vasquez participate in MRT to improve his ability to make good decisions: "A condition to assist Mr. Vasquez in maybe being able to make better decisions for the future is entering and successfully completing the Moral Reconation Therapy Program (MRT) as directed by his Community Corrections Officer."

On appeal, Vasquez cites a 1988 article reported in a psychology journal in support of his contention that MRT is not crime-related. But the article was not presented to the court below, and Vasquez has not moved to supplement the record with it on appeal. Furthermore, the article is ten years old, and nothing in the record establishes that the MRT program described in the article is the same as DOC's. The article is not properly before us and will not be considered.

RCW 9.94A.120(9)(c)(iii) allowed the court to impose only crime-related treatment. We do not have sufficient evidence before us to determine whether the MRT ordered for

---

[4]"As a part of any sentence imposed under (a) or (b) of this subsection, the court may also order any of the following special conditions: . . . (iii) The offender shall participate in crime-related treatment or counseling services[.]" RCW 9.94A.120(9)(c)(iii).

[5]RCW 9.94A.030(11); *State v. Llamas-Villa*, 67 Wn. App. 448, 456, 836 P.2d 239 (1992).

[6]Vasquez's argument that MRT was not crime-related was not a model of clarity. The entire argument is as follows: "I don't think there is a nexus between the case and the Moral Reconation Therapy. And I would ask that the court not order that as not being established by the State as necessary under these circumstances."

Vasquez was crime-related, and neither did the trial court. Therefore, the condition is stricken.

## Exceptional Sentence Is Affirmed

■ ■ Vasquez also argues that the trial court erred when it imposed an exceptional sentence based upon the erroneous finding that he had 15 previous misdemeanor convictions for "assaultive or relatedly disruptive & violent behavior." He contends that because the number of prior convictions the court relied upon is not supported by the record, his exceptional sentence cannot stand.

A challenge to the sufficiency of the evidence supporting a trial court's reasons for imposing an exceptional sentence is reviewed under the "clearly erroneous" standard.[7] Under that standard, a trial court's findings will be reversed only if no substantial evidence supports its conclusion.[8] Substantial evidence is evidence sufficient to persuade a fair-minded person of the truth of the declared premise.[9]

Vasquez concedes that he had 12 misdemeanor convictions for assault or similar violent behavior. Thus, although the trial court's finding regarding the exact number of uncounted, violent misdemeanor convictions may have been incorrect, substantial evidence supports the court's conclusion that Vasquez had a "far-reaching history" of violent behavior. Moreover, it is clear that the trial judge's reason for imposing an exceptional sentence was the extensive history of convictions for "assaultive" and "relatedly disruptive and violent behavior," rather than the specific number of unscored convictions for that kind of behavior. Thus, the trial court's reason for imposing an exceptional sentence was not clearly erroneous.[10]

---

[7]*State v. Jeannotte*, 133 Wn.2d 847, 856, 947 P.2d 1192 (1997).

[8]*Id.*

[9]*Id.*

[10]Vasquez concedes that an extensive history of unscored misdemeanor convictions may justify treating a defendant differently from someone else with the same offender score. *State v. Oksoktaruk*, 70 Wn. App. 768, 774, 856 P.2d 1099 (1993).

## Conclusion

Vasquez's motion to modify the commissioner's ruling is granted. Substantial evidence supported the trial court's finding that Vasquez had an extensive history of assaults and other violent crimes, so the court's decision to impose an exceptional sentence is affirmed. But the condition requiring Vasquez to enter and complete MRT is stricken.

