IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| STATE OF WASHINGTON | |
|---|---|
| Respondent, | No. 70463-0-I |
| v. | DIVISION ONE |
| CHAZ ISAAC SCHMITZ, | UNPUBLISHED OPINION |
| Appellant. | FILED: September 29, 2014 |

BECKER, J. — In this appeal from convictions for two assaults involving
domestic violence, Chaz Schmitz challenges the court's imposition of Moral
Reconation Therapy or a cognitive behavioral therapy alternative as a condition
of his sentence. We affirm.

FACTS

Based on allegations that Schmitz assaulted his fiancé, AM, while they
were housesitting for her father, the State charged Schmitz with two counts of
second degree assault domestic violence.

At trial, the State's evidence established that on February 2, 2013,
Schmitz and AM were housesitting at her father's residence. During a game of
pool, an argument occurred and Schmitz began yelling and bumping AM with his
chest. AM pushed him away and told him to stop. Schmitz then slapped her on
the right side of her face, causing her to fall to the side. Stunned, AM said, "Oh,
my God, you hit me, I can't believe you hit me." Schmitz then grabbed her head

and smashed her face into a glass table. AM fell to her knees and blood immediately flowed from her nose.

AM asked Schmitz why he was doing this to her. Schmitz responded that he had relapsed and was using heroin again. After they argued about his relapse, AM told Schmitz to leave. When he attempted to take her car, she blocked his path because he had been drinking. Schmitz then grabbed her neck with both hands and strangled her until she lost consciousness.

After AM regained consciousness, she went into the house and tried to call the police, but Schmitz took her phone and threw it into the backyard. AM tried to use phones in the house, but Schmitz repeatedly cut the calls short by pulling the phone cords out of the wall. At one point, AM used a phone in her children's bedroom. While she was talking to a 911 dispatcher, Schmitz forced his way into the room, ripped the phone out of the wall, and hit her on the side of the face.

When police and medical personnel arrived, they observed a laceration on AM's nose and a contusion on her eye. An emergency medical technician observed petechiae in both of AM's eyes. The technician testified that petechiae can be the result of strangulation.

The defense called no witnesses, and the jury convicted Schmitz as charged. At sentencing, the prosecutor requested the court impose Moral Reconation Therapy or a cognitive behavioral therapy alternative:

> The State's also asking that the defendant enter into or
> complete a substance abuse evaluation within 30 days of release

and also enter into and make reasonable progress in a state-certified moral reconation therapy treatment provider or cognitive behavior therapy alternative.

And again, I make that recommendation -- those two, because one, it appears there was evidence of -- that he had relapsed and somehow his drug usage lead to this incident; the other reason I make the -- what we would normally classify as domestic violence treatment recommendation is because of the character of the offense, the gravity of the injury to her, the fact that he continued on, despite the fact that his four-year-old son was there and her two little children were also in the house.

The defense did not object to or address this request. The court then imposed

the requested therapy, stating:

within 30 days of your release, you will enroll in and make progress in, either what's called MRT [Moral Reconation Therapy] or cognitive/behavioral therapy, a type of therapy that is recommended for people who have had, even if it's isolated, but have had incidents of domestic violence.

The defense did not object to, or move for reconsideration of, this condition of

Schmitz's sentence. Schmitz now appeals the imposition of the condition.

## DECISION

The sole issue on appeal is whether the trial court abused its discretion in

imposing Moral Reconation Therapy or a cognitive therapy alternative as a

condition of Schmitz's community custody. Because the court articulated a

relationship, albeit summarily, between Moral Reconation Therapy and Schmitz's

offense, and because Schmitz failed to object, we find no abuse of discretion.

Trial courts may only impose conditions of community custody that are

authorized by the legislature. State v. Kolesnik, 146 Wn. App. 790, 806, 192

P.3d 937 (2008), review denied, 165 Wn.2d 1050 (2009). Under RCW

9.94A.505(8), a sentencing court "may impose and enforce *crime-related prohibitions and affirmative conditions* as provided in this chapter." (Emphasis added). Under RCW 9.94A.703(3)(c)-(d), conditions of community custody may include "*crime-related treatment or counseling services*" or "rehabilitative programs or . . . affirmative conduct *reasonably related to the circumstances of the offense*, the offender's risk of reoffending, or the safety of the community." (Emphasis added). A determination that a community custody condition is sufficiently related to the circumstances of the offense is reviewed for abuse of discretion. State v. Riley, 121 Wn.2d 22, 37, 846 P.2d 1365 (1993). Sentence conditions "are usually upheld if reasonably crime related." State v. Warren, 165 Wn.2d 17, 32, 195 P.3d 940 (2008), cert. denied, 556 U.S. 1192 (2009).

Citing State v. Vasquez, 95 Wn. App. 12, 972 P.2d 109 (1998), Schmitz contends the trial court abused its discretion in imposing Moral Reconation Therapy because "there is nothing in the record showing any relationship between MRT and Schmitz's offenses, the risk of reoffense, or community safety." App. Br. at 6. We disagree for several reasons.

First, the Vasquez court struck the Moral Reconation Therapy condition because the record was bereft of any relationship between the therapy and Vasquez's offense. Unlike the record in Vasquez, the record in this case demonstrates a relationship between Moral Reconation Therapy and Schmitz's crimes. The trial court sentenced Schmitz for two assaults involving domestic violence. In imposing Moral Reconation Therapy, the court stated, without

4

objection, that Moral Reconation Therapy is "a type of therapy that is recommended for people who have had, even if it's isolated, . . . incidents of domestic violence."

Second, Vasquez, unlike Schmitz, objected to the imposition of Moral Reconation Therapy at sentencing. We have cautioned defendants to raise their concerns about community placement conditions before the sentencing court. State v. Armstrong, 91 Wn. App. 635, 638, 959 P.2d 1128 (1998). We explained in Armstrong that raising an objection allows the trial court and the State to make a more complete record in support of a proposed condition. Armstrong, 91 Wn. App. at 638-39. By failing to object below, Schmitz foreclosed the State's opportunity to create a more complete record. He now attempts to use the alleged incompleteness of the record as a weapon. For the reasons stated in Armstrong, we reject his attempt to do so. The State's brief on appeal demonstrates that substantial additional evidence about how Moral Reconation Therapy relates to domestic violence could have been provided at trial had an objection been made.

Because the record shows that Moral Reconation Therapy is a form of treatment reasonably related to domestic violence, the court did not abuse its discretion.

No. 70463-0-I/6

Affirmed.

WE CONCUR:

_____

Becker, J.

Cox, J.

6