# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>Respondent,<br><br>v.<br><br>EUGENE A. YOUNG,<br><br>Appellant. | No. 45996-5-II<br>(Consolidated with No. 46113-7-II)<br><br>PUBLISHED OPINION |
| STATE OF WASHINGTON,<br><br>Respondent,<br><br>v.<br><br>CLAUDE A. HUTCHINSON,<br><br>Appellant. | No. 46113-7-II |

BJORGEN C.J. — Claude Hutchinson moves to modify our commissioner's ruling awarding appellate costs to the State after we affirmed Hutchinson's convictions. He argues (1) that his challenge to appellate costs is timely raised in a motion to modify the commissioner's ruling even absent an objection to the cost bill and (2) that we should decline to impose appellate costs. Despite his failure to object to the cost bill, we hold that Hutchinson's motion to modify the cost bill warrants consideration under RAP 1.2(c). We grant his motion to modify and refer the matter to our court commissioner to determine under current RAP 14.2 and applicable case law whether appellate costs should be waived due to Hutchinson's indigency.

FACTS

In the unpublished portion of *State v. Young*, 192 Wn. App. 850, 369 P.3d 205, *review denied*, 185 Wn.2d 1042 (2016), we affirmed Hutchinson's convictions for second degree rape, promoting the commercial sexual abuse of a minor, communication with a minor for immoral purposes, and second degree attempted theft. After our decision was filed, the State submitted a cost bill for appellate costs pursuant to RAP 14.4 and RCW 10.73.160(2), to which Hutchinson did not file an objection. On August 8, 2016, our court commissioner awarded appellate costs to the State, reasoning that he lacked discretion under RAP 14.2 to decline to award costs to the State as the prevailing party. Hutchinson filed a timely motion to modify the commissioner's order under RAP 17.7, requesting that all appellate costs be waived due to his indigency.

ANALYSIS

I. CONSIDERATION OF HUTCHINSON'S CHALLENGE TO COSTS

Hutchinson argues that we should consider his challenge to the commissioner's ruling, even though he did not object to the cost bill before the commissioner. We hold that because the commissioner was not authorized to grant Hutchinson relief from the cost bill, whether or not he objected to it, we will consider his challenge to the cost bill under RAP 1.2(c) in the interests of justice

1. Standard of Review/Legal Principles

Under RCW 10.73.160(1), appellate courts "'*may* require an adult offender convicted of an offense to pay appellate costs.'" *State v. Sinclair*, 192 Wn. App. 380, 385, 367 P.3d 612, *review denied*, 185 Wn.2d 1034 (2016) (quoting RCW 10.73.160(1)). The statute provides that

appellate costs "shall be requested in accordance with . . . Title 14 of the rules of appellate

procedure." RCW 10.73.160(3). Former RAP 14.2 (1998), in turn, stated that

> [a] commissioner or clerk of the appellate court *will* award costs to the party that substantially prevails on review, unless the appellate court directs otherwise in its decision terminating review.

(Emphasis added.) We review a motion to modify a commissioner's ruling de novo. *State v.*

*Vasquez*, 95 Wn. App. 12, 15, 972 P.2d 109 (1998).

2.     RAP 1.2(c) Warrants Consideration of Hutchinson's Motion to Modify the

Commissioner's Ruling

Our recent case law has established that a party may raise a challenge to appellate costs in

its opening brief, a motion for reconsideration, or through a motion to modify a commissioner's

ruling on a cost bill. *See Sinclair*, 192 Wn. App. at 389-90; *State v. Grant*, 196 Wn. App. 644,

650-51, 385 P.3d 184 (2016). In *Grant*, however, we declined to decide the issue presented here:

whether a motion to modify the commissioner's ruling would be timely in the absence of an

objection to the cost bill. 196 Wn. App. at 652 n.3.

Effective January 31, 2017, RAP 14.2 was amended to modify the awarding of costs on

appeal. Because the commissioner ruled on the State's cost bill in Hutchinson's case well before

these amendments were effective, we examine former RAP 14.2 (1998) in determining the effect

of Hutchinson's failure to object to the cost bill.

a. The Commissioner Lacked Authority to Waive Appellate Costs

As noted, former RAP 14.2 states:

> A commissioner or clerk of the appellate court *will* award costs to the party that substantially prevails on review, unless the appellate court directs otherwise in its decision terminating review.

3

(Emphasis added.)  The State substantially prevailed on review, and our decision terminating

review did not direct the award of appellate costs.  Therefore, under former RAP 14.2, even if

Hutchinson had objected to the cost bill, the commissioner would have been required to award

costs to the State.

The case law supports this conclusion.  In *Sinclair*, Division One of our court stated,

"Consequently, it appears that a clerk or commissioner has no discretion under the rules to deny

an award of costs when the State has substantially prevailed on review."  192 Wn. App at 386.

Similarly, *State v. Nolan*, 98 Wn. App. 75, 80-81, 988 P.2d 473 (1999), *affirmed*, 141 Wn.2d 620

(2000) held:

> [W]here the State is the substantially prevailing party and timely requests
> recoupment as authorized by RCW 10.73.160, the award of costs is virtually
> automatic—subject to the commissioner's resolution of any disputes regarding the
> reasonableness of the expenses and their necessity to the process of review—and
> subject to the right of the aggrieved party to seek modification of the ruling.

Thus, in ruling on a cost bill before the 2017 amendments to RAP 14.2, the commissioner had

authority to resolve disputes regarding the reasonableness of a particular item in the cost bill.

*Nolan*, 98 Wn. App. at 80-81.  Under *State v. Maples*, 171 Wn. App. 44, 51, 286 P.3d 386

(2012), the commissioner also had authority to resolve disputes over who was the prevailing

party in ruling on a cost bill.

Hutchinson raises neither of these challenges.  Instead, he asks that all appellate costs be

waived due to indigency.  Under former RAP 14.2 and the case law discussed above, the

commissioner would not have had authority to grant Hutchinson that relief even if he had

objected.  Therefore, requiring Hutchinson to have objected to the State's cost bill before the commissioner would require a superfluous and futile act.

b.  The Application of RAP 14.5 and 14.6(a) is Unclear

The State argues that the plain terms of RAP 14.5 and RAP 14.6(a) require that Hutchinson object to the cost bill in order to challenge it.  RAP 14.5 states that

> [a] party may object to items in the cost bill of another party by serving on all parties and filing with the appellate court objections to the cost bill within 10 days after service of the cost bill upon the party.

RAP 14.6(a) states that the commissioner "will determine costs within 10 days after the time has expired for filing objections to the cost bill."

Whether these rules required Hutchinson to object to the imposition of costs before filing a motion to modify the award of costs is unclear.  RAP 14.5 could be interpreted as not simply imposing a 10-day limit on the filing of objections, but also requiring generally that an objection be filed to maintain a challenge to costs.  Under *Maples*, 171 Wn. App. at 51, the failure to file an objection within the commissioner's authority to grant constitutes a waiver of that objection.  On the other hand, RAP 14.5 speaks to objections to "*items* in the cost bill," not whether costs should be awarded at all.  (Emphasis added.)  Similarly, *Nolan* and *Maples* make clear that the commissioner only has authority to rule on the reasonableness of a particular item in the cost bill, *Nolan*, 98 Wn. App. at 80-81, and to resolve disputes over who was the prevailing party.  *Maples*, 171 Wn. App. at 51.  Hutchinson does not challenge any specific items in the cost bill or the State's position as the prevailing party.  Rather, he challenges all appellate costs on the basis of indigency.

5

These competing analyses lead to one conclusion: the application of RAP 14.5 and RAP 14.6(a) to these circumstances is at best unclear.

c. Application of RAP 1.2(c)

We conclude above that under former RAP 14.2, *Nolan* and *Sinclair*, the commissioner would not have had authority to grant Hutchinson relief from the cost bill, even if he had objected. We acknowledge, though, that RAP 14.5 and RAP 14.6(a) are ambivalent on the issue and could be read to require Hutchinson to have objected to the cost bill before the commissioner.

RAP 1.2(c) states, "The appellate court may waive or alter the provisions of any of these rules in order to serve the ends of justice, subject to the restrictions in rule 18.8(b) and (c)." To serve the interests of justice in the circumstances of this case, we exercise our authority under RAP 1.2(c) to waive any requirement that Hutchinson must have objected to the State's cost bill submitted under former RAP 14.2 in order to preserve his ability to challenge the award of appellate costs in a motion to modify.

II. APPELLATE COSTS

Turning to the merits of his motion to modify, Hutchinson argues that we should decline to impose appellate costs in this case.

Hutchinson was found indigent at the end of his trial and granted an order of indigency. Under RAP 15.2(f), we give a party the benefits of an order of indigency throughout the review unless the trial court finds the party's financial condition has improved to the extent that the party is no longer indigent. We recognized in *Sinclair* that as a general matter, "the imposition of costs against indigent defendants raises problems that are well documented in *Blazina*—e.g.,

6

'increased difficulty in reentering society, the doubtful recoupment of money by the government, and inequities in administration.'" 192 Wn. App. at 391 (quoting *State v. Blazina*, 182 Wn.2d 827, 835, 344 P.3d 680 (2015)).

Under RCW 10.73.160(1), we have discretion whether to grant or deny appellate costs to the prevailing party. Although the 2017 amendments to RAP 14.2 do not govern our resolution of the merits of this appeal, they now provide an efficient process under which the commissioner determines whether "an adult offender does not have the current or likely future ability to pay [appellate] costs." Accordingly, we grant Hutchinson's motion to modify the commissioner's ruling on costs and refer this matter to the commissioner to determine under recently amended RAP 14.2 and applicable case law whether to waive appellate costs due to Hutchinson's indigency.

CONCLUSION

We grant Hutchinson's motion to modify and refer the matter to our court commissioner to determine under current RAP 14.2 and applicable case law whether to waive appellate costs due to Hutchinson's indigency.

Bjorgen, C.J.

We concur:

Maxa, J.

Lee, J.

7