IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| MARIA COLACURCIO, | ) | NO. 79981-9-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | PUBLISHED OPINION |
| BRENT FREI, | ) | |
| | ) | |
| Appellant. | ) | FILED: December 30, 2019 |
| | ) | |

LEACH, J. — Brent Frei asks this court to modify a decision by a commissioner of this court concluding that he does not have an immediate right to appeal superior court orders that recused one arbitrator and appointed another. Because Frei may not appeal these orders as of right, we deny the motion to modify.

FACTS

On June 5, 2018, Maria Colacurcio sued her ex-husband, Brent Frei. She claimed that during the mediation of their marriage dissolution case, Frei committed securities fraud, breach of fiduciary duties, and other misconduct by failing to disclose important financial information. The mediation produced a settlement agreement that included an arbitration provision:

Williams . . . ; or another agreed upon arbitrator (if the parties cannot agree, two of the above named arbitrator[ ]s will decide upon a person to act) if none of the above are available to act.

Colacurcio asked the court to decide that her claims were not subject to this arbitration provision. Frei asked the court to compel arbitration. The trial court granted Frei's request and ordered arbitration before Dan Williams, who had served as their mediator, "or another agreed upon arbitrator in compliance with the parties' CR 2A Agreement." Neither party appealed the order. Arbitration began before Williams.

Several months into arbitration, during a March 2019 deposition, Frei said that during the mediation he disclosed to Williams information that Colacurcio claimed Frei withheld from her. After the deposition, Colacurcio's counsel sent a letter to Williams, raising the concern that Frei's statements made Williams a material witness and undermined his ability to serve as arbitrator. Frei's counsel sent Williams a letter denying Williams's importance as a witness and describing Williams as "the appropriate person to arbitrate this dispute." Williams then suspended his involvement in the arbitration "absent further agreement or court order."

Colacurcio asked Frei to agree to proposed conditions under which Williams could continue as arbitrator, to stipulate to a new arbitrator, or to provide the names of acceptable replacements. Frei responded by asking the trial court "to enforce [the] parties' CR 2A agreement" and rule that Williams should

continue as arbitrator. In his request, he described the issue before the court as, "Should the Court enforce the parties' CR 2A agreement and retain Dan Williams as Arbitrator?" He asserted that recusal was not appropriate given the circumstances and Washington law and that Colacurcio's request would prejudice him improperly.

The same day Colacurcio asked the court to disqualify Williams and appoint a new arbitrator. She suggested Judge Palmer Robinson (retired), Judge Paris Kallas (retired), or attorney James Smith. Frei replied that it was premature to consider replacement arbitrators and asked the court to maintain Williams. He also rejected the three arbitrators Colacurcio suggested and named two attorneys, Larry Besk and Teresa McNally.

The trial court disqualified Williams. It found that Frei's alleged ex parte communication with him was a central issue in the arbitration. The court ordered James Smith to replace Williams. If Smith was not available or was unwilling to serve, it ordered Judge Palmer Robinson to replace Williams. It concluded by stating that the court case remained "stayed pending resolution of the parties' arbitration."

Frei asked the court to reconsider part of its decision, contending that the parties had to agree to a replacement arbitrator. He also claimed that the court should not appoint Smith because Frei's counsel had consulted with Smith earlier

-3-

about the case. He stated that "[s]electing a new arbitrator in accordance with [the] CR 2A Agreement's mandated procedures will not be a futile exercise given that Mr. Frei is prepared to agree to the appointment of Judge Kallas."

The trial court ruled that because of this communication, Smith should not serve as arbitrator. It found "that the time for mutually agreeing on an alternative [arbitrator] has passed, in that the parties had the opportunity to agree, and were unable to do so." It appointed Judge Robinson or, alternatively, Judge Kallas.

Frei filed a notice of appeal challenging the trial court orders that disqualified Williams and appointed Robinson. Colacurcio moved to dismiss the appeal, asserting that the orders were not appealable and the court should not grant discretionary review.[1] A commissioner of this court ruled that the challenged orders were not immediately appealable.

Frei filed a motion to modify the commissioner's ruling and asked this court to stay the arbitration until we resolved the issue of who would be the arbitrator. A commissioner stayed the arbitration and ordered that any note for a hearing on a motion for discretionary review would be due 10 days after this court's decision on the motion to modify.

---

[1] According to her answer to his motion to modify, Colacurcio initially requested that he "re-characterize [his] filing as a notice for discretionary review," which he did not do.

-4-

ANALYSIS

Frei contends that RAP 2.2(a)(3) and RCW 7.04A.280(1)(a) provide him with an immediate right to appeal the trial court's orders removing Williams as arbitrator and appointing a new arbitrator. We disagree.

This court reviews a motion to modify a commissioner's ruling de novo.[2] RAP 2.2 identifies the decisions that a party may appeal as a matter of right. RAP 2.3 provides a procedure for requesting discretionary appellate review of a superior court decision not appealable as a matter of right. This rule also describes the considerations governing acceptance of discretionary review. Frei has not filed a motion for discretionary review, so we consider only whether he may appeal the challenged orders as a matter of right.

Frei relies on RAP 2.2(a)(3) and RCW 7.04.280(1)(a). RAP 2.2(a)(3) allows a party to appeal "[a]ny written decision [by the superior court] affecting a substantial right in a civil case that in effect determines the action and prevents a final judgment or discontinues the action." This rule allows appeal of the denial of a motion to compel arbitration because it determines the action and affects substantial rights.[3] Frei contends that recusal of Williams is analogous because it denies him the arbitration he contracted to receive.

_____

[2] State v. Vasquez, 95 Wn. App. 12, 15, 972 P.2d 109 (1998).
[3] Stein v. Geonerco, Inc., 105 Wn. App 41, 44, 17 P.3d 1266 (2001) (citing Herzog v. Foster & Marshall, Inc., 56 Wn. App. 437, 443, 783 P.2d 1124. (1989)).

Washington has adopted the uniform arbitration act (UAA).[4] It governs the arbitration between Frei and Colacurcio.[5] RCW 7.04A.280(1) lists the court orders relating to arbitrations that may be appealed. Consistent with Washington case law, RCW 7.04A.280(1)(a) allows a party to appeal from "[a]n order denying a motion to compel arbitration." Frei relies on this provision.

RCW 7.04A.150(6) addresses an arbitrator's unavailability: "If an arbitrator ceases, or is unable, to act during the arbitration proceeding, a replacement arbitrator must be appointed in accordance with RCW 7.04A.110 to continue the hearing." RCW 7.04A.110(1) directs the trial court to appoint an arbitrator on a party's motion "[i]f the parties have not agreed on a method, the agreed method fails, or an arbitrator appointed fails or is unable to act and a successor has not been appointed." We interpret the parties' arbitration agreement in the context of this statutory scheme.[6]

For the first time on appeal, Frei characterizes the court's removal and replacement of Williams as a denial of a motion to compel arbitration. We disagree. The issue of Williams continuing to serve arose during an ongoing arbitration. The trial court's decisions did not terminate or conclude that arbitration. As Frei states in his briefing, at the time the trial court removed

---

[4] Ch. 7.04A RCW.
[5] RCW 7.04A.030(2).
[6] See Barnett v. Hicks, 119 Wn.2d 151, 160-61, 829 P.2d 1087 (1992).

Williams, the parties had participated in more than "nine months of arbitrating." After Williams declined to continue as arbitrator absent a court order, some trial court action had to occur for the arbitration to continue. Neither party asked the trial court to end the arbitration; they disagreed only about who should arbitrate their dispute. Calling a motion to allow Williams to continue as arbitrator a motion to compel arbitration does not make it a motion to compel arbitration. Instead, we look to the substance of the issue decided by the trial court.

Frei and Colacurcio agree that no case in Washington addresses whether a court's denial of a request not to disqualify or replace an arbitrator may be appealed as a matter of right. They cite a number of out-of-state cases exploring the bounds of orders that may be appealed as of right decided by courts in Texas and Colorado.

Frei asserts that this court must follow the out-of-state-cases he cites. He relies on RCW 7.04A.901, which states, "In applying and construing this uniform act, consideration must be given to the need to promote uniformity of the law with respect to its subject matter among states that enact it." Frei claims this means his proffered cases are dispositive, not simply informative or persuasive. But the statute does not make out-of-state cases mandatory precedent for Washington courts. And the case Frei relies on for this remarkable proposition[7] merely

---

[7] Townsend v. Quadrant Corp., 173 Wn.2d 451, 456-57, 268 P.3d 917 (2012).

approves a court's review of the official comments to the UAA before reviewing a provision for ambiguity. It does not require this court to follow the case law of other state courts.[8]

And none of the cases Frei cites help him. First, none of these cases[9] involve a dispute about an arbitrator that arose during an ongoing arbitration. Here, the parties started the arbitration proceeding more than nine months before the events at issue. In every case Frei cites, the appellant asked the court to compel arbitration under a different structure, either a different contract or different arbitral rules than the court ordered. And, in all of these cases, the trial courts faced competing arbitration agreements. So the reviewing court viewed the trial court's decision as a denial of one of the competing requests to compel arbitration and appealable as a denial of a motion to compel.[10]

In Halliburton Co. v. KBR Inc.,[11] the trial court denied Halliburton's petition to compel arbitration under one agreement and granted KBR's motion to compel

---

[8] Townsend, 173 Wn.2d at 456-57.

[9] Natgasoline LLC v. Refractory Constr. Srvs. Co., 566 S.W.3d 871 (Tex. App. 2018); Halliburton Co. v. KBR Inc., 446 S.W.3d 551 (Tex. App. 2014); Texas La Fiesta Auto Sales LLC v. Belk, 349 S.W.3d 872 (Tex. App. 2011); Winter Park Real Estate & Invs., Inc. v. Anderson, 160 P.3d 399 (Colo. App. 2007); McReynolds v. Elston, 222 S.W.3d 731 (Tex. App. 2007).

[10] Natgasoline, 566 S.W.3d at 881.

[11] 446 S.W.3d 551, 557 (Tex. App. 2014) (interpreting appealability under the Federal Arbitration Act, 9 U.S.C. § 16 (FAA)).

under a different agreement. In <u>McReynolds v. Elston</u>,[12] the trial court denied a party's motion to compel arbitration under a settlement agreement and allowed arbitration under a different agreement. In <u>Natgasoline LLC v. Refractory Construction Services Co.</u>,[13] "the parties sought different arbitrations," and the trial court granted the motion for a multilateral arbitration, while denying a motion to compel a bilateral arbitration. In <u>Winter Park Real Estate & Investments., Inc. v. Anderson</u>,[14] the trial court ordered arbitration under the National Association of Realtors Code of Ethics, rather than a contract clause. And, in <u>Texas La Fiesta Auto Sales LLC v. Belk</u>,[15] the trial court denied the defendant's motion to compel arbitration under an employment contract and granted the plaintiff's motion to compel under an arbitration contract. The trial court ordered the arbitration that Frei requested and ordered a new arbitrator when it found the agreed arbitrator unable to continue to serve. So the cases he cites are not analogous or helpful.

---

[12] 222 S.W.3d 731, 735-37 (Tex. App. 2007). (interpreting appealability under the Texas Arbitration Act (TAA)). The TAA states, "A party may appeal a judgment or decree entered under this chapter or an order: denying an application to compel arbitration." TEX. CIV. PRAC. & REM. CODE ANN. § 171.098(a)(1).

[13] 566 S.W.3d 871, 877, 881 (Tex. App. 2018) (interpreting appealability under both the FAA § 16 and the TAA).

[14] 160 P.3d 399, 402 (Colo. App. 2007). (interpreting appealability under the Col. Revised Statutes Ann. § 13-22-228(1)(a), which states, "An appeal may be taken from [a]n order denying a motion to compel arbitration.").

[15] 349 S.W.3d 872, 875-77, 881 (Tex. App. 2011).

Frei asks us to view the court's decision below as a denial of his right to the arbitration he bargained for with a particular arbitrator and therefore equivalent to the denial of a motion to compel arbitration. But the parties' contract does not provide the method for selecting a replacement arbitrator if Williams cannot serve. It states,

> Disputes concerning any portion of the above agreement will be resolved in RCW 7.04A Binding Arbitration with either Dan Williams . . . ; or another agreed upon arbitrator (if the parties cannot agree, two of the above named arbitrator[ ]s will decide upon a person to act) if none of the above are available to act.

Unfortunately, the final contract names only one arbitrator, Williams. A draft named three arbitrators, but the parties lined two of their names out and did not insert any replacements. So the parenthetical language addressing the parties' inability to agree cannot be enforced. And Frei, in his motion for reconsideration, said he would accept Judge Kallas, one of the arbitrators named in the order he now challenges, as arbitrator.[16] So the contract language and Frei's actions below undermine his effort to show that the trial court denied him the benefit of his contractual rights.

Colacurcio relies on two cases more on point.[17] In each, the reviewing court determined that a party's motions reflecting dissatisfaction with an

---

[16] One of Frei's attorneys also signaled a willingness to accept Judge Kallas.

[17] CMH Homes v. Perez, 340 S.W.3d 444 (Tex. 2011); HEB Grocer Co., L.P. v. Kirksey, No. 14-10-00217-CV, 2010 WL 1790878, (Tex. App. May 6,

appointed arbitrator were not motions to compel appealable by right.[18] In CMH Homes v. Perez,[19] the parties agreed to submit to arbitration under the contract, although even at the outset they could not agree on an arbitrator. The appellate court concluded that the trial court's order appointing an arbitrator could not be appealed since the trial court had authority under the FAA to appoint an arbitrator if arbitration broke down and a party petitioned it to do so.[20]

In HEB Grocery Co., L.P. v. Kirksey,[21] the parties agreed to submit to arbitration and to an arbitrator. After the arbitrator declined to serve, the trial court appointed a substitute arbitrator.[22] The appellant contended "that even though arbitration was originally compelled, the trial court's subsequent action in appointing a substitute arbitrator effectively denied arbitration as agreed to by the parties."[23] The appeals court disagreed and concluded that "no authority

---

2010) (court order). Rule 47.2(c) of the Texas Rules of Appellate Procedure states, "Civil Cases. Opinions and memorandum opinions in civil cases issued on or after January 1, 2003 shall not be designated 'do not publish.'" So "[a]ll opinions and memorandum opinions in civil cases issued after the 2003 amendment have precedential value." TEX. R. APP. P. 47.2 cmt.

[18] CMH Homes, 340 S.W.3d at 446; HEB Grocery Co., 2010 WL 1790878, at *2.

[19] 340 S.W.3d 444, 447 (Tex. 2011) (interpreting appealability under the FAA and Texas code).

[20] CMH Homes, 340 S.W.3d at 446, 449.

[21] No. 14-10-00217-CV, 2010 WL 1790878 (Tex. App. May 6, 2010), at *1 (court order).

[22] HEB Grocery Co., 2010 WL 1790878, at *1.

[23] HEB Grocery Co., 2010 WL 1790878, at *1.

permitt[ed] an interlocutory appeal of an order granting recusal of an arbitrator or appointing a substitute arbitrator."[24]

As in HEB Grocery Co., Frei asks this court to conclude that "an order granting recusal of an arbitrator or appointing a substitute arbitrator" is a denial of a motion to compel arbitration. We find the HEB Grocery Co. persuasive and more consistent with Washington case law holding that an order compelling arbitration is not appealable. We also note that RCW 7.04A.280(c) allows a remedy for a party dissatisfied with an arbitrator's decision.

## CONCLUSION

We deny the motion to modify. The orders Frei seeks to appeal do not deny a motion to compel arbitration. So Frei does not have a right to appeal them before the arbitration occurs.

_Leach, J._

WE CONCUR:

_Mann, ACJ_

---

[24] HEB Grocery Co., 2010 WL 1790878, at *2.