IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 40522-2-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| CODY ALLEN DEAL, | ) | |
| | ) | |
| Appellant. | ) | |

MURPHY, J. — Cody Deal appeals the imposition of legal financial obligations (LFOs). At sentencing, the trial court found Deal was not indigent after he answered "[y]eah" when asked if he had financial resources and if he was working, and Deal further stated he planned to start a new job. 1 Rep. of Proc. (RP) (June 10, 2024) at 452. Deal argues the trial court erred in not performing an adequate individualized inquiry into his ability to pay before imposing LFOs, as mandated by RCW 10.01.160(3).

Because an adequate inquiry into Deal's ability to pay the LFOs did not occur, and because the record on review is insufficient for this court to make such a finding, we remand to the trial court to inquire into Deal's current and future abilities to pay.

FACTS

A jury found Cody Deal guilty of first degree theft, first degree trafficking in stolen property, and second degree burglary. He received a concurrent sentence totaling 14 months of confinement. During sentencing, the trial court briefly inquired into Deal's financial resources:

[THE COURT:] . . . Do you have—do you have your own financial resources, Mr. Deal?

MR. DEAL: Yeah. I work.

THE COURT: You work right now?

MR. DEAL: Yeah. Actually, was going to start a sheetrock job, but I have this to deal with so I—

THE COURT: Alright.

MR. DEAL: —was—

THE COURT: I'm going to make a finding that you're not indigent because you have the ability to work. Of course, obviously, you're not going to be working for the next fourteen months, but you have the ability to work.

1 RP (June 10, 2024) at 452.

The trial court then checked the box on the judgment and sentence form indicating that Deal was "not indigent as defined by RCW 10.101.010(3)(a)-(c)." Clerk's Papers (CP) at 167. The court imposed a total of $1,500 in LFOs: a $500 crime victim penalty assessment (VPA), $200 in court costs, and $800 in court-appointed attorney fees. The court ordered monthly payments of $100 to commence one month after Deal's release from custody. Deal did not assert indigency or otherwise object to the LFOs during sentencing.

## ANALYSIS

Deal argues that, because the trial court's determination of his nonindigency at sentencing was contrary to current state law, the LFOs must be stricken from his judgment and sentence. The State maintains that Deal was not indigent at the time

2

of sentencing and, therefore, the LFOs were appropriately imposed.

As a threshold matter, we consider whether Deal may challenge the LFOs for the first time on appeal. Although this court could decline under RAP 2.5(a) to review this alleged error on the basis that Deal failed to raise this issue before the trial court, our Supreme Court recognizes the burdens LFOs place on persons convicted of crimes and has authorized, if not encouraged, reviewing courts to address LFO issues raised for the first time on appeal. *State v. Blazina*, 182 Wn.2d 827, 835-37, 344 P.3d 680 (2015). Given this precedent, we review Deal's claimed error.

RCW 7.68.035(4) prohibits the imposition of a VPA on a defendant found to be indigent under RCW 10.01.160(3). *See State v. Ellis,* 27 Wn. App. 2d 1, 16, 530 P.3d 1048 (2023), *review granted*, 4 Wn.3d 1009, 564 P.3d 547 (2025). Likewise, RCW 36.18.020(2)(h) prohibits the imposition of a criminal filing fee on an indigent defendant. *See id*. at 17. Costs, such as court-appointed attorney fees, also cannot be imposed on indigent defendants. *See id*. at 17-18.

Under RCW 10.01.160(3), a person is indigent if that person:

(a) Meets the criteria defined in RCW 10.101.010(3) (a) through (c); (b) is homeless or mentally ill as defined in RCW 71.24.025; (c) has household income above 125 percent of the federal poverty guidelines and has recurring basic living costs, as defined in RCW 10.101.010, that render the defendant without the financial ability to pay; or (d) has other compelling circumstances that exist that demonstrate an inability to pay.

As referenced in the above statute, RCW 10.101.010(3) states:

> (3) "Indigent" means a person who, at any stage of a court proceeding, is:
> (a) Receiving one of the following types of public assistance: Temporary assistance for needy families, aged, blind, or disabled assistance benefits, medical care services under RCW 74.09.035, pregnant women assistance benefits, poverty-related veterans' benefits, food stamps or food stamp benefits transferred electronically, refugee resettlement benefits, medicaid, or supplemental security income; or
> (b) Involuntarily committed to a public mental health facility; or
> (c) Receiving an annual income, after taxes, of one hundred twenty-five percent or less of the current federally established poverty level . . . .

Whether a trial court conducts an adequate inquiry under RCW 10.01.160(3) into a defendant's ability to pay LFOs, in conformance with *Blazina*, is a question of law we review de novo. *See State v. Ramirez*, 191 Wn.2d 732, 740-42, 426 P.3d 714 (2018).

Deal claims that he was and remains indigent as shown by the fact he was represented by court-appointed counsel at arraignment and throughout the trial court proceedings, and he had an order of indigency entered for purposes of this appeal. He points to the language in the postsentence order of indigency for appointment of appellate counsel that states the trial court found Deal "was previously declared indigent and continues to lack sufficient funds to prosecute an appeal." CP at 195. The fact that Deal was found indigent for purposes of the appointment of counsel at trial and on appeal is not, however, dispositive on the issue of whether Deal was entitled to waiver of LFOs at sentencing.

In determining a person's indigency status for LFO purposes at the time of sentencing, "it is not enough that a defendant is indigent for purposes of appointment of counsel." *State v. Smith*, 9 Wn. App. 2d 122, 126, 442 P.3d 265 (2019). A finding of indigency under RCW 10.101.010(3)(d) related to a person's inability to afford representation by counsel during trial or on appeal is not a criteria a court considers in determining indigency as it relates to assessment of LFOs. *See* RCW 10.01.160(3). Sentencing courts may, therefore, impose LFOs on a party who is found indigent under RCW 10.101.010(3)(d). *See State v. Gouley*, 19 Wn. App. 2d 185, 206-07, 494 P.3d 458 (2021); *see also State v. Matamua*, 28 Wn. App. 2d 859, 879 n.5, 539 P.3d 28 (2023), *review denied*, 2 Wn.3d 1033, 547 P.3d 894 (2024).

The State contends, correctly, that a person's financial status can change over time and should be reassessed at different stages of the legal process. *See State v. Seward*, 196 Wn. App. 579, 585, 384 P.3d 620 (2016) ("We can conceive of situations in which an offender who is indigent at the time of sentencing will be able to pay the fees and assessments in the future.") For example, as applicable here, the Rules of Appellate Procedure require that a party seeking review, with counsel at public expense, in the Court of Appeals or Supreme Court must first move in the trial court for an order of indigency. RAP 15.2(a). The determination of indigency for appointment of counsel on

5

appeal is a separate procedure from the determination of indigency at sentencing relative to the imposition of LFOs.[1]

Here, the record is silent as to any specific basis for finding Deal was indigent for purposes of appointing counsel at trial. Similarly, the trial court's order finding Deal indigent for purposes of appeal, entered approximately three weeks after sentencing, does not explain the basis for that determination beyond noting Deal "was previously declared indigent and continues to lack sufficient funds to prosecute an appeal," and correctly identifying "applicable law grants [Deal] the right to review at public expense." CP at 195. The findings of indigency by the trial court for appointment of counsel for the trial proceedings and on appeal are insufficient to establish Deal was indigent at sentencing for the imposition of LFOs.

The trial court's judgment and sentence indicates that Deal was "not indigent as defined in RCW 10.101.010(3)(a)-(c)." CP at 167. However, the record shows the trial

---

[1] Deal cites to two cases in support of his contention that a defendant is entitled to the continued benefits of a finding of indigency, and that a presumption exists that indigency continues unless shown otherwise. *See State v. Bajardi*, 3 Wn. App. 2d 726, 734, 418 P.3d 164 (2018); *State v. Young*, 198 Wn. App. 797, 803-04, 396 P.3d 386 (2017). But those portions of the cases that Deal cites to were addressing the imposition of appellate costs. The rule at issue in those cases requires that *appellate* courts give a party the benefit of a finding of indigency *for purposes of appeal*. RAP 15.2(d) (former RAP 15.2(f) (2005). This rule is irrelevant to the challenged trial court finding during sentencing of nonindigency for the purpose of assessing LFOs.

court did not consider all factors listed under RCW 10.01.160(3) when making a determination on Deal's indigency. Instead, the trial court solely relied on Deal's two answers of "[y]eah" to the questions of whether he had his own financial resources and whether he was working, and Deal's statement that he "was going to start a sheetrock job, but I have this to deal with so I—." 1 RP (June 10, 2024) at 452.[2]

From the colloquy during sentencing, it appears that Deal may have attempted to qualify his answers of "[y]eah" to the court, but did not fully answer prior to the court making its finding of nonindigency. 1 RP (June 10, 2024) at 452. Despite indication that his statements were qualified and incomplete, no further inquiry into Deal's current and future ability to pay was conducted. The trial court did not, for example, inquire into Deal's income, assets, or debts. Thus, there is insufficient evidence of Deal's financial resources to determine his financial status at the time of sentencing per the operative definitions. Remand is necessary so that the trial court can make the necessary individualized inquiry into Deal's financial resources.

We decline to reverse the imposition of LFOs outright as the error is procedural and can be adequately addressed by the trial court on remand through a proper statutory inquiry. On remand, the trial court shall conduct an individualized inquiry into Deal's

---

[2] Deal asserts in his reply brief that he was unemployed at the time of sentencing, despite the record indicating otherwise.

current and future ability to pay, considering all relevant factors, including his indigency

status, incarceration, and other financial obligations, in light of the current law regarding

waiver and imposition of LFOs. The trial court must consider Deal's current and

expected future financial circumstances, including his incarceration, debts, and any

qualifying circumstances under the statutes. *Blazina*, 182 Wn.2d at 838. The court

"should also look to the comment in court rule GR 34 for guidance." *Id*. at 838-39.

## CONCLUSION

We remand to the trial court for an individualized inquiry into Deal's ability to

pay LFOs under the statutory standard for indigency outlined above, and to reconsider

the imposition of LFOs based on that determination.

A majority of the panel has determined this opinion will not be printed in

the Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Murphy, J.

WE CONCUR:

_____          _____
Lawrence-Berrey, C.J.                     Fearing, J.

8