IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 36146-2-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| JOSEPHINE L. GUERNSEY, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, A.C.J. — Josephine Guernsey appeals several legal financial obligations imposed at sentencing. Based on recent changes to Washington's LFO laws, we agree with many of Ms. Guernsey's contentions and remand for correction of her judgment and sentence.

FACTS

Josephine Guernsey was convicted of felony possession of controlled substances. At sentencing, the trial court imposed several legal financial obligations (LFOs), including a $200 criminal filing fee, $165 sheriff's fee, and $750 court-appointed attorney fee. The court also ordered payment of a $1,000 violation of the Uniform Controlled Substances Act[1] (VUCSA) fine. Ms. Guernsey did not object to any of the assessments at sentencing.

---

[1] Chapter 69.50 RCW.

ANALYSIS

Citing 2018 amendments to Washington's LFO laws[2] and *State v. Ramirez*, 191 Wn.2d 732, 426 P.3d 714 (2018), Ms. Guernsey requests we strike the $200 criminal filing fee, $165 sheriff's fee, and $750 court-appointed attorney fee from her judgment and sentence. The 2018 amendments came into effect several days after imposition of Ms. Guerney's sentence. *Ramirez* was decided after that.

The 2018 amendments declare certain LFOs "may not" be imposed against a defendant who is "indigent" at the time of sentencing as that term is defined by RCW 10.101.010(3)(a)-(c). RCW 9.94A.760(1); *see also* RCW 10.01.160(3); RCW 36.18.020(2)(h). Covered LFOs include filing fees (RCW 36.18.020(2)(h)) and costs of prosecution, such as sheriff's fees and attorney fees (RCW 10.01.160). *State v. Smith*, 9 Wn. App. 2d 122, 126-27, 442 P.3d 265 (2019).

In *Ramirez*, our Supreme Court held the 2018 LFO amendments apply prospectively to cases on direct review at the time of enactment. 191 Wn.2d at 747-48. That means defendants are entitled to claim benefit under *Ramirez* as long as their cases had begun—but not completed—the direct appeal process at the time of the 2018 amendments' effective date. A defendant whose case falls within the requisite time period

---

[2] LAWS OF 2018, ch. 269.

and who also meets the statutory definition of indigence is entitled to have LFOs impacted by the 2018 amendments struck from the judgment and sentence. *See, e.g.*, *Smith*, 9 Wn. App. 2d at 126-27.[3]

Ms. Guernsey is eligible to seek relief under the 2018 amendments because, at the time the amended LFO laws became effective, her case was on direct review. In addition, an affidavit submitted within one month of sentencing reveals Ms. Guernsey's income fell below 125 percent of the federal poverty level for a family of four.[4] Ms. Guernsey thus meets the statutory definition of indigence under RCW 10.101.010(3)(c). Given these circumstances, the criminal filing fee, sheriff's fee, and court-appointed attorney fee must be struck from the judgment and sentence.

The VUCSA fine is different. This fine was not impacted by LFO reform and remains mandatory under RCW 69.50.430. Although the VUCSA fine *may* be "suspended or deferred" based on a finding of indigence, the trial court is not obligated

---

[3] A defendant sentenced before the effective date of the 2018 amendments would have no basis to object to a trial court's failure to apply the 2018 amendments. Thus, issues of error preservation are not relevant to a claim for relief.

[4] Ms. Guernsey listed the monthly income for her family of four as $1,800, or approximately $21,600 annually. Clerk's Papers at 51. In 2018, the federal poverty level for a family of four was $25,100. Annual Update of the HHS [U.S. Department of Health and Human Services] Poverty Guidelines, 83 Fed. Reg. 2643 (Jan. 18, 2018). This would place the corresponding 125 percent poverty threshold at $31,375.

No. 36146-2-III
*State v. Guernsey*

to inquire into a defendant's ability to pay prior to imposition. RCW 69.50.430(1).

Instead, the burden falls on the defendant to request relief. Ms. Guernsey failed to object

to the fine at sentencing. Accordingly, the trial court did not err in imposing the fine and

remand for resentencing is unwarranted.

## CONCLUSION

This matter is remanded with instructions to strike the $200 criminal filing fee,

$165 sheriff's fee, and $750 court-appointed attorney fee from Ms. Guernsey's judgment

and sentence. The imposition of the VUCSA fine is affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____, A.C.J.
Pennell, A.C.J.

WE CONCUR:

_____
Korsmo, J.

_____
Maxa, J.[5]

---

[5] The Honorable Bradley Maxa is a Court of Appeals, Division Two, judge sitting in Division Three under CAR 21(a).

4