# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 56013-5-II |
| Respondent, | |
| v. | |
| VICTORIA ANN PURYEAR, | UNPUBLISHED OPINION |
| Appellant. | |

VELJACIC, J. — Victoria Ann Puryear appeals the $500 court-appointed attorney fee that the trial court imposed during her sentencing. Puryear argues that the trial court erred in imposing the court-appointed attorney fee because the court failed to make an adequate, individualized inquiry into her current and future ability to pay prior to imposing this discretionary legal financial obligation (LFO). Accordingly, Puryear requests that we vacate the court-appointed attorney fee and remand to the trial court to conduct a proper inquiry into Puryear's current and future ability to pay. The State argues that RAP 2.5 bars our ability to address Puryear's appeal because she failed to raise the court-appointed attorney fee issue at trial. We exercise our discretion to reach the issue and conclude that the trial court erred in imposing the discretionary LFO because the court failed to conduct an adequate inquiry into Puryear's financial circumstances and ability to pay. Accordingly, we reverse the court-appointed attorney fee and remand this case to the trial court to make an adequate inquiry into Puryear's current and future ability to pay before determining whether to impose a court-appointed attorney fee.

FACTS

On June 1, 2021, a jury convicted Puryear of forgery and theft in the second degree. Puryear was previously found to be indigent and was represented by appointed counsel at trial.

At the sentencing hearing, defense counsel requested that no additional sanctions beyond mandatory LFOs and restitution be imposed, asserting Puryear's financial status has remained unchanged. The trial court made the following statement regarding LFOs:

> Let me take this in a bit of reverse order, and it's this: As far as [LFOs], I'm going to impose those that have been requested. $500 plus the $100 for DNA. I'm going to waive all but the $500 DAC recoupment.
> Here's my analysis on that: I understand that Ms. Puryear has a financial hardship and may continue that way in the future, but she received excellent service for the equivalent of $500 going through a two-plus-day trial.
> If this had come to me on a plea in the beginning, I would consider, you know, there are different circumstances. There is certainly value and no better deal than $500 for an attorney to represent their client through the trial. I'm going to impose $500 in DAC recoupment.

Report of Proceedings (RP) (July 9, 2021) at 9.

The court did not inquire into Puryear's ability to pay. In particular, the court made no inquiry into the recognized considerations bearing on indigency for purposes of imposing discretionary LFOs. The LFOs imposed on Puryear at the sentencing hearing were a $500 court-appointed attorney fee, a $500 crime victim assessment, and a $100 DNA testing fee. The $200 filing fee was waived. Puryear appeals.

ANALYSIS

I.      THE STATE'S RAP 2.5 ARGUMENT

The State argues that we should deny review because Puryear failed to preserve an alleged LFO error by not raising the issue at trial. We disagree.

We may refuse to review any claim of error which was not raised in the trial court. RAP 2.5(a). "A defendant who makes no objection to the imposition of discretionary LFOs at sentencing is not automatically entitled to review. . . . This rule exists to give the trial court an opportunity to correct the error and to give the opposing party an opportunity to respond." *State v. Blazina*, 182 Wn.2d 827, 832-33, 344 P.3d 680 (2015) (footnote omitted). However, although unpreserved LFO errors do not command review as a matter of right, an appellate court may make its own decision to accept discretionary review. *State v. Malone*, 193 Wn. App. 762, 765, 376 P.3d 443 (2016). The rules of appellate procedure are interpreted "liberally 'to promote justice and facilitate the decision of cases on the merits.'" *State v. Glover*, 4 Wn. App. 2d 690, 693, 423 P.3d 290 (2018) (quoting RAP 1.2(a)). While Puryear did not object to the trial court's imposition of the discretionary LFO without inquiry, we nonetheless review the issue.

II.    LEGAL FINANCIAL OBLIGATIONS

A.    Legal Principles

The trial court's decision to impose discretionary LFOs is reviewed for abuse of discretion. *State v. Ramirez*, 191 Wn.2d 732, 741, 426 P.3d 714 (2018). A court has the authority to impose costs on convicted defendants. RCW 9.94A.760(1). However, a court shall not order a convicted defendant to pay costs if the court finds that the offender at the time of sentencing is indigent as defined in RCW 10.101.010(3)(a) through (c). RCW 10.01.160(3). Under that statute, "indigent" is defined as receiving public assistance, involuntary commitment to a public mental health facility, or receiving an annual income, after taxes, of 125 percent or less of the current federally established poverty level. RCW 10.101.010(3)(a) through (c). Under this specific definition of indigency, it is not enough that a defendant is indigent for purposes of appointment of counsel. *State v. Smith*, 9 Wn. App. 2d 122, 126, 442 P.3d 265 (2019).

Washington decisions have long recognized that the cost of a court-appointed lawyer for an indigent defendant is one that can be imposed under RCW 10.01.160. *State v. Diaz-Farias*, 191 Wn. App. 512, 521, 362 P.3d 322 (2015). Under RCW 10.01.160(2), a court may impose costs on a convicted criminal defendant at the time of sentencing, with "costs" for this purpose being "limited to expenses specially incurred by the state in prosecuting the defendant."

While the trial court's ultimate decision whether to impose discretionary LFOs is discretionary, we review de novo a trial court's alleged legal error in failing to conduct an adequate inquiry prior to imposing discretionary LFOs. *Ramirez*, 191 Wn.2d at 741-42. Even if a defendant is not indigent, the court must conduct an individualized, on-the-record inquiry concerning the defendant's current and future ability to pay discretionary LFOs. *Id*. at 742, 750; *Blazina*, 182 Wn.2d at 838-39. There are certain factors that must be considered for an individualized inquiry to be adequate, such as consideration of the effects of incarceration, other debts, and whether the defendant meets the GR 34 standard for indigency. *Blazina*, 182 Wn.2d at 838. Other important factors in evaluating a defendant's ability to pay an LFO are employment history, income, assets, other financial resources, and monthly living expenses. *Ramirez*, 191 Wn.2d at 744. Before a trial court can impose discretionary LFOs, the record must reflect that the trial court inquired into all of these categories.[1] *Id*. If the trial court fails to conduct an individualized inquiry into the defendant's financial circumstances and still imposes discretionary LFOs, the trial court has per se abused its discretionary power. *Id*. at 741.

---

[1] The reader will correctly note that striking of discretionary LFOs does not require such an inquiry.

B.      The Trial Court Improperly Imposed the Contested LFO

Puryear argues that the trial court improperly imposed a discretionary LFO despite her continued indigency. We disagree. Puryear was classified as indigent for the purposes of appointing counsel. This indigency is not equivalent to the indigency definition under RCW 10.101.010(3), which requires receipt of public assistance, involuntary commitment to a mental health facility, or receiving an annual income of 125 percent or less of the current federally established poverty level. RCW 10.101.010(3)(a) through (c). The indigency finding entitling a defendant to court-appointed counsel does not similarly prohibit imposition of discretionary LFOs under *Blazina*.

But we agree with Puryear's argument that the trial court erred in failing to make an adequate inquiry prior to imposing the discretionary LFO. The trial court did not inquire into the enumerated *Ramirez* factors. At sentencing, the court simply stated that it understood "that Ms. Puryear has a financial hardship and may continue that way in the future." RP (July 9, 2021) at 9. This is insufficient under *Blazina* and *Ramirez* because it is a "boilerplate statement" that fails to "reflect that the trial court made an individualized inquiry into the defendant's current and future ability to pay." *Blazina*, 182 Wn.2d at 838.

The record does not establish that the court considered the effects of incarceration, whether Puryear meets the standard for indigency under RCW 10.101.010(3)(a) through (c), or Puryear's other debts. *See Blazina*, 182 Wn.2d at 838. Additionally, there is no information in the record regarding Puryear's employment history, income, assets, or monthly living expenses at the time of imposition of the LFO. *See Ramirez*, 191 Wn.2d at 744. The inquiry made into Puryear's individual financial circumstances was insufficient. We reverse the court-appointed attorney fee

and remand for the trial court to conduct an adequate inquiry into Puryear's current and future ability to pay before imposing the challenged discretionary LFO.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Veljacic, J.

We concur:

Lee, J.

Cruser, A.C.J.