IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 40542-7-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ADAM THOMAS EVERETT, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

COONEY, J. — Adam Everett pleaded guilty to three domestic violence-related crimes and tampering with a witness. The trial court imposed a victim penalty assessment (VPA) and a domestic violence assessment (DVA) despite finding Mr. Everett indigent. Mr. Everett appeals the imposition of these assessments.

We remand for the trial court to strike the VPA from Mr. Everett's judgment and sentence. We adhere to our holding in *State v. Smith*, 9 Wn. App. 2d 122, 442 P.3d 265 (2019), and affirm the trial court's imposition of the DVA.

BACKGROUND

Mr. Everett pleaded guilty to attempted stalking, violation of a protection order, violation of an anti-harassment order, and tampering with a witness. The court found that all but the tampering with a witness charge were committed against an intimate partner or a

family or household member. The court ordered Mr. Everett to serve a prison sentence followed by a term of community custody. Although the court found Mr. Everett indigent, it nevertheless ordered a $500 VPA under RCW 7.68.035(1) and a $115 DVA under RCW 10.99.080(1).[1]

Mr. Everett timely appeals.

ANALYSIS

Mr. Everett argues we should remand for the trial court to strike the VPA and DVA from his judgment and sentence because they are discretionary costs that cannot be imposed on an indigent defendant. We agree with Mr. Everett, and the State concedes, that the VPA was improperly ordered and should be struck. As it relates to the DVA, we find no reason to deviate from our holding in *Smith*.

Former RCW 7.68.035(1)(a) (2018) required a VPA be imposed on any individual found guilty of a crime in superior court. In April 2023, the legislature passed Engrossed Substitute H.B. 1169 (H.B. 1169), 68th Leg., Reg. Sess. (Wash. 2023), effective July 1, 2023, that amended RCW 07.68.035 to prohibit the imposition of the VPA on indigent defendants. RCW 7.68.035; LAWS OF 2023, ch. 449 § 1. At sentencing, the trial court found Mr. Everett indigent and, in contravention of RCW 7.68.035, ordered the VPA.

---

[1] Notably, the trial court did not order the mandatory $15 fine as required by RCW 7.105.450(b)(ii) for the violation of the no contact order and violation of an anti-harassment order convictions.

No. 40542-7-III
*State v. Everett*

Accordingly, we remand for the limited purpose of striking the VPA from Mr. Everett's judgment and sentence.

RCW 10.99.080(1) states that the superior court "may impose a penalty of one hundred dollars, plus an additional fifteen dollars on any adult offender convicted of a crime involving domestic violence." As we held in *Smith*, the DVA, although not mandatory, differs from discretionary fees because it is not a cost of prosecution under RCW 10.01.160. "Unlike the statutes governing filing fees and costs, the [DVA] statute was not amended by the 2018 [legal financial obligation] legislation, and does not prohibit imposition of an assessment against indigent defendants." *Smith*, 9 Wn. App. 2d at 127. Mr. Everett fails to cite *Smith* or present any argument as to why our holding in *Smith* should be revisited.

CONCLUSION

We remand for the limited purpose of striking the VPA from Mr. Everett's judgment and sentence and affirm the trial court's imposition of the DVA.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Cooney, J.

WE CONCUR:

_____ _____
Lawrence-Berrey, C.J.       Murphy, J.

3